R. W. GLENN and others *v.* THE FARMERS' BANK OF NORTH CAROLINA and others.

In an action against an insolvent bank and the stockholders therein, on account of their individual liability, and also against certain trustees of the bank : *Held*, not to be error in the Judge below, to overrule a demurrer, assigning as grounds, the improper joinder of different causes of action.

CIVIL ACTION, tried before *Henry, J.*, at December (special) Term, 1874, of GUILFORD Superior Court.

The facts necessary to an understanding of the case are set out in the case of *Glenn* v. *Farmer's Bank of N. C.*, 71 N. C. Rep., 191.

The defendant demurred to the complaint, alleging—

1. That it is admitted in the complaint that the plaintiff has other actions pending in this Court, by appeal, and yet undetermined, against the defendant for the same cause of action.

2. That in the complaint several causes of action have been improperly united, namely : 1. An alleged right to recover against the Farmer's Bank upon the notes sued on ; 2. An alleged right, by way of supplementary proceeding, to annul and set aside a deed in trust, alleged to have been made by

said Bank to certain trustees, who have no interest in the controversy, upon the alleged right of recovery aforesaid, in order to enforce satisfaction of the judgment, if one shall be obtained; 3. An alleged right upon the affirmation that the said Bank is insolvent, to recover against the individuals named as defendants, next after the said trustee, upon the allegation that they are severally liable, in double the amount of their respec tive quotas of stock, to the satisfaction of the demands of all the creditors of the Bank, each one of which alleged rights is a separate cause of action.

3. That the complaint does not state facts sufficient to constitute a cause of action: 1. Against the said Bank and trustees, because if the said deed was made as alleged, to hinder, delay or defraud creditors, it is void; 2. Against the alleged stockholders as individuals because it does not aver that the insolvency of the Bank has been ascertained by any legal method, or that the plaintiff's demand has been reduced to a judgment against the Bank.

4. That there is a defect of parties, both plaintiffs and defendants in this action, since no judgment can be rendered therein on the third alleged right of action, in article 2d of this demurrer, unless all the creditors and all the stockholders be parties to this action.

His Honor overruled the demurrer, whereupon the defendants appealed.

*W. A. & J. W. Graham,* for appellants.
*Scott & Caldwell* and *Dillard & Gilmer,* contra.

PEARSON, C. J. The plaintiffs' action is very complicated, both in respect to parties plaintiffs and parties defendants, and also in regard to the causes of action against the bank, and the causes of action against the stockholders. It remains to be seen whether he will be able to surmount all of the difficulties that lie in his way, so as to reach the stockholders individually.

The charter makes the stockholders individually liable, in case of the insolvency of the bank.   So assuming, as is admitted by the demurrer, that the bank is insolvent, the plaintiff has a good cause of action, whereby to make the stockholders individually liable; and the question is, how must the plaintiff proceed, to subject the stockholders?   It would be a reproach to the administration of justice, if the plaintiff has no mode of enforcing his right, and we will be reluctant to make an exception to the maxim, there is "no right without a remedy."   We incline to the opinion that the very liberal mode of procedure adopted by C. C. P., in the sections referred to in the plaintiff's brief, meets the difficulties raised by the demurrer, and without deciding the points definitely, but allowing the defendants to have the benefit thereof at the trial, in analogy to the equity practice, by which the plea is overruled, but "the equity is reserved until the hearing," we have come to the conclusion, that there is no error in the judgment of his Honor, by which the demurrer is overruled and the defendants are required to answer.

This opinion will be certified.

Per Curiam.                                   Judgment affirmed.