WILLIAM L. BARHAM and wife *v.* ALBERT LOMAX, Guardian.

In an action against a guardian to falsify an account of settlement, on the ground of fraud recently discovered, inasmuch as the relief sought might have been substantially obtained in a Court of law, the action became barred by the statute of limitations, after the lapse of three years.

(*Whitfield* v. *Hill*, 5 Jones Eq. 316; *Whedbee* v. *Whedbee*, Ibid. 392; *Taylor* v. *Dawson*, 3 Jones Eq. 86; *Wheeler* v. *Piper*, Ibid, 249, cited and approved.)

CIVIL ACTION, tried before *Kerr, J.*, at Fall Term, 1874, ROCKINGHAM Superior Court.

The following are the substantial facts necessary to an understanding of the case as decided in this Court:

The defendant, Albert Lomax, was appointed guardian of the *feme* plaintiff (who was at that time a minor and unmarried) on the 27th day of May, 1851. On the same day he executed his bond and assumed the duties of guardian.

His ward, the *feme* plaintiff, married William L. Barham, the other plaintiff, in 1865, and was at the commencement of this action, of full age.

The defendant as guardian received the estate of said ward, amounting to the sum of one thousand dollars or thereabout.

At February Term, 1866, of the county court of Rockingham he reported the sum of $1,292.03 due his said ward.   At Feb·ruary Term, 1867, of the said Court, commissioners were appointed to settle with the defendant, as guardian of the *feme* plaintiff.   The commissioners reported a balance in the hands of her said guardian, of one thousand one hundred and thirty-seven dollars and fifty-eight cents.

The plaintiff, William L. Barham, received from the defendant on the 24th day of May, 1867, certain bonds in payment of the indebtedness of the defendant, to the *feme* plaintiff his wife, and gave defendant a receipt in full, and a release of all in-debtedness as guardian of his ward.

This action was brought to cancel this receipt and release and recover the amount of the bonds, on the ground that the defendant had fraudulently procured the execution of the bonds aforesaid at a time subsequent to the dates they bore, and that the obligors were insolvent at the time of their execution.

As one of several defences, the defendant relied on the statute of limitations.   Preliminary to a trial by jury, of the other issues raised by the pleadings, on motion by the defendant, the cause was heard upon the complaint, and the statute of limitations set up in the answer.

Upon the hearing, the Court gave judgment for the defendant.   From this judgment the plaintiffs appealed.

*Tourgee & Gregory*, for appellants.
*Dillard & Gilmer*, contra.

RODMAN, J.   The only question at present presented is whether the statute of limitations as applied by Courts of Equity, bars the plaintiff's action.

Title IV of C. C. P., entitled "Limitation of Actions," does not apply.   By section 16, the provisions of the Title do not extend to cases where the right of action accrued before the adoption of the Code in August, 1868.   It is argued, however, for the plaintiff, that as by sub-section 9 of section 34, it is pro-

vided, that in actions for relief on the ground of fraud, &c., the cause of action shall not be deemed to have accrued until the discovery of the fraud ; the cause of action in this case did not accrue until the discovery of the fraud, which was within three years before the action was commenced. Evidently this is reasoning in a circle. The cause of action did not arise, because the statute applies to prevent it, and the statute applies, because the cause of action did not arise. The question is to be governed by the law as it existed before and without reference to that Title of the Code.

But the question as to the application of the sub-section of the Code above cited, we conceive not to be so important as it seems to have been supposed by counsel. For if that sub-section intended and is construed to introduce a new rule of law, its effect will be to apply the statute of limitations, to cases in which its application had been previously held to be within the discretion of Courts of Equity.

2. The rules by which Courts of Equity, independently of the Code, are governed in their application of the statutes of limitations, may be considered settled in a general sense, although the common difficulty of course exists, of applying them properly to the particular case.

As was said by Lord REDESDALE in *Hovenden* v. *Annesley*, 2 Lch. & Lef. 630, a case which is the foundation of most of the doctrine found in the books on this subject, that Courts of equity, although not within the words of the act, are within its spirit, and equally bound by it as Courts of law, in all cases in which the subject matter of the action, and the relief demanded are substantially such as a Court of law would have jurisdiction of, although the form of relief in the two Courts might be different, as it generally is.

The same doctrine has been often repeated by the Courts of this State, and is too familiar to need the citation of authority in its support.

The authorities are numerous, that in cases of fraud and mistake the statute will not run except from the time when they

were discovered, or by reasonable diligence might have been discovered. 2 Story Eq. Jur. S. 1521—1521a. *Hovenden* v. *Annesley*, 2 Sch. and Lef. *ubi. sup.* ; *Hunter* v. *Hunter*, 50 Miss. 445 ; *Henry Co.* v. *Winnebago Drainage Co.*, 52 Ill. 299.

But the cases hereafter cited establish that this rule is not unlimited, or of universal application. It would be difficult to draw from the decisions any exact definition of the line which separates cases in which Courts of equity will apply the statute, or will reject a demand as stale, notwithstanding the adverse claim originated in fraud or mistake, from those in which they will refuse to apply it, and will give relief notwithstanding the lapse of time. It is unnecessary, however, to make the attempt in this case, because it seems to us that under the authorities, the present case falls clearly within the rule applicable to those in which Courts of law and equity have concurrent jurisdiction of the subject matter of the action, and of the relief demanded, and in which the statute is applied. When it may be difficult to draw a line of division between the classes of cases that approximate and are liable to encroach on each other, it is the more important to adhere strictly to the authorities on either side that go to settle that line.

In *Taylor* v. *Dawson*, 3 Jones Eq. 86, the defendant Dawson had purchased land at a sale by a trustee under a deed in trust to secure debts, and had obtained it by a conspiracy with the other defendant and certain creditors to stifle competition. The bill was by the injured creditors to declare the defendant a trustee. It was held that the statute of limitations was a bar to the plaintiff's claim, and the Court hold, that when it is sought to convert a defendant into a trustee against his assent, upon the ground of fraud, the statute runs from the time he acquires the legal estate, notwithstanding it was acquired by fraud, and that it is immaterial whether the fraud was constructive merely or actual and intentional. To the same effect are *Whitfield* v. *Hill*, 5 Jones Eq. 316, and *Wheeler* v. *Piper*, 3 Jones Eq. 249; *Whedbee* v. *Whedbee*, 5 Jones Eq. 392 is substantially the same with this case. There a guardian settled

with his ward who gave a release, and the bill alleged that the release was obtained by fraud and imposition, and sought to set it aside, and to surcharge and falsify the account. It was held that inasmuch as the relief sought was substantially such as a Court of law would have jurisdiction to give the statute applied, and the plaintiff was barred in three years.

It is attempted to distinguish this case from that on the ground that it is not sought here, to falsify the account as to the amount due the ward, but merely in respect to the fact that certain notes fraudulently represented to be guardian notes, which the ward was under an obligation to receive, were in truth not such. But we can see no difference in principle or substance. The attempt here is to falsify the account which the guardian rendered, and on the basis of which the settlement was made. There is like jurisdiction at law as there was in the cases cited, and in each case there was a release which could be set aside in equity only.

We concur with the Judge below that the plaintiff's claim is barred by the statute.

PER CURIAM.                    Judgment affirmed.