ARTHUR SPRUILL and wife v. JOHN and T. L. SANDERSON, Executors.

*Statute of Limitations.*

An action or proceeding to re-open an account stated and re-adjust a settlement made under the supervision of a Court of competent jurisdiction, and sanctioned by a decree of the Court, must be brought within three years from the rendition of such decree, if the plaintiff (or petitioner) be under no disability, and the case involve no equitable element improper for the consideration of a Court of Law.

(*Whedbee* v. *Whedbee,* 5 Jones Eq. 392 ; *Barham* v. *Lomax,* 73 N. C. 78; *Batts* v. *Winstead,* 77 N. C. 238, cited and approved.)

SPECIAL PROCEEDING commenced in the Probate Court and heard on appeal at Spring Term, 1878, of TYRRELL Superior Court, before *Furches, J.*

The main facts appear in the opinion. The plaintiffs asked for an account and settlement of the estate of the defendants' testator, and an order therefor was made by the Probate Judge, from which the defendants appealed; and upon its appearing that the defendants had instituted a proceeding in the proper Court against the feme plaintiff and the other heirs of the defendants' testator for a settlement of his estate, and a question of fact being raised as to whether the feme plaintiff was of full age when said proceeding was commenced and a final decree therein rendered,—in March, 1871,—*Eure, J.,* directed the issue to be submitted to a jury in term time; and at Fall Term, 1877, of said Court, before *Henry, J.,* it was found that the feme plaintiff was born on the 19th of September, 1849, and was of full age at the commencement of said proceeding against her for a settlement as aforesaid. The summons in the present case was issued on the 21st of September, 1876, and the defendants insist that the statute of limitations is a bar to the

relief .sought, but His Honor being of a different opinion, adjudged that the defendants be required to account, &c., from which ruling the defendants appealed.

*Messrs. Mullen & Moore,* and *J. B. Batchelor,* for plaintiffs.
*Messrs. P. H. Winston,* and *Gilliam & Gatling,* for defendants.

SMITH, C. J. This action is against the defendants as executors and testamentary guardians under the will of Jesse Sanderson, deceased, for an account and settlement of the testator's estate. The testator died in August, 1868, leaving a wife and four children of whom the feme plaintiff is one, to whom he devised and bequeathed his estate. The present suit was commenced on the 21st day of September, 1876, in the Probate Court of Tyrrell county, and the plaintiffs in their complaint charge the defendants with mismanagement and waste, with a failure to make returns of their administration as required by law, and allege further that the defendants caused certain proceedings to be instituted in the name of the feme plaintiff and the other legatees, her sisters and brother, who were then all infants, against them in the late County Court of Tyrrell, in which and by means of false and fraudulent accounts rendered, the defendants procured to be entered at October Term, 1860, of that Court, a final decree, declaring to be due the defendants, upon their administration account, for charges and disbursements in excess of receipts, the sum of seven hundred and fifty-three dollars and sixty-four cents, and demand a full account of the administration. These allega-, tions are denied in the answer and the defendants say they have honestly and faithfully discharged their trusts and exercised the large discretion given them in the will for the benefit of the estate and the interest of those entitled

thereto. The defendants further declare that after the feme plaintiff arrived at full age, they instituted an action for the settlement of their administration account, against the four children of the testator and the husbands of two of them, Ann E. and Mary C., and one A. A. Combs. and wife, creditors of the testator, all of whom were made parties by service or admission of service of summons and complaint, and that in September, 1871, seven months thereafter a final decree was made by the Probate Judge, as follows:—

"This cause coming on to be heard and it appearing to the Court that all the defendants have been duly served with summons, as required by law, being the next of kin, heirs at law, legatees, devisees, and creditors of Jesse Sanderson, deceased, and that the petitioners have filed their final account for the settlement of the estate of the said Jesse Sanderson, deceased, showing a balance due the petitioners, after the settlement of the estate, of twenty-eight dollars; and upon the examination of the account and vouchers the same appears to be correct in all respects; it is thereupon adjudged that the defendants take nothing, and that petitioners pay costs of suit."

The defendants rely on this adjudication and the lapse of time thereafter, the space of five years, before the institution of the suit, as a bar to an action for an account. This defence is met by a replication which avers that at that date the feme plaintiff then unmarried, was an inmate and member of the family of the defendant, John Sanderson, her uncle, and under his influence, and that she signed the written admission of services of the summons and complaint, at his instance and in entire ignorance of her own rights and of the legal effects of the act, and in consequence of her belief from repeated representations made by him, that nothing was coming to her from her father's estate.

The case agreed and submitted to the Judge of the Court below sets out many omissions and irregularities of the defendants in making their returns, and states that no account is found in the record on which the decree professes to be based. But in the view we have taken of the case, it is not necessary to state more in detail the facts admitted on the trial. The executors do not seek protection under the proceedings instituted in 1860, and mentioned in the complaint, but rest their defence upon the decree rendered in September, 1871, and the long acquiescence of the feme plaintiff therein, as a bar to her claim to re-open the account. The plaintiffs in their complaint do not undertake to impeach this adjudication, nor do they make any references to the proceedings of which it was the result. Its operation and force when brought out in the answer, are denied only by an averment in the replication of its invalidity by reason of the improper influences exercised by her uncle on the feme plaintiff, which induced her to become a party and prevented her from vindicating her own rights. While we do not admit that a decree regularly made according to the due course of the Court, in a cause properly constituted therein, and in which the feme plaintiff was a party, can be assailed, and its force and operation, while unimpeached by a direct proceeding be collaterally questioned by her, it is sufficient for our present purpose to say, she is not allowed an indefinite time to do so, and to re-open an account thus adjusted and determined. We propose to consider as decisive of the action the effect upon the plaintiff's right of her long delay in calling for an account.

In *Whedbee* v. *Whedbee*, 5 Jones, Eq. 392, the Court declares that closed trusts, as contra-distinguished from open and unperformed trusts are within the operations of the statute of limitations applicable to the action of account. In this case the bill alleged that the defendant's testator, who

was the plaintiff's guardian, had settled with his ward, soon after he attained his majority, upon an account submitted by the guardian, with examination by the ward and a full release executed. It is also alleged that the guardian was a relative, without children, had repeatedly assured plaintiff of his intentions to make him sole heir of his estate, and had in fact prepared and signed a will to this effect; and that the plaintiff under these representations and influences had delayed bringing suit. The bill also specified particulars of errors and false charges and asked that the release be set aside and account ordered. The defendant relied upon the release and subsequent lapse of time as a bar to relief. In delivering the opinion MANLY, J., says :—" It (the bill) was filed nine years after the ward had arrived at full age, and eight years after he had had a settlement with his guardian, payment in full according to the account then rendered, and a release. We think it was too late to demand a re-adjustment of the guardian accounts. A release taken by a guardian from his ward upon a settlement soon after the ward arrived at age is looked upon with some suspicion in a Court of Equity, and would not be regarded as conclusive provided the ward make his appeal to the Court in proper time. The parties to such a settlement bear relations to one another of control and dependence respectively, which make it unfit that it should be conclusive. But it would be equally hard on the other hand, after the guardian had tendered and made a prompt settlement, that there should be a right in equity indefinite in time, to call him into Court and re-open the accounts. We think that time must be limited, and as a bill for an account is similar to, and in many respects a substitute for the old action of account, we limit the term *to three years from the period when the trust was closed.*"

The facts in our case cannot be distinguished favorably for the plaintiffs, from those then before the Court of Equity.

Here has been an adversary suit conducted in the proper Court to a final decree, wherein the feme plaintiff and the other legatees, and the husbands of two of them, as well as a creditor of the testator, are voluntary parties; the decree acquiesced in by the plaintiffs for five years, and so far as appears still submitted to by the others who have similar interests, and unquestioned. These facts certainly impart as high sanction to a settlement made by the direct action of a competent Court, vested with full jurisdiction to make it, as can be asked for a settlement made privately between guardian and ward, and in which upon averments of undue influence and fraud quite as strong, relief was denied.

In the case of *Barham* v. *Lomax*, 73 N. C., 78; where an action was brought to cancel a receipt and release given by a ward to his guardian, RODMAN, J. says: "It seems to us under the authorities that the present case falls clearly within the rule applicable to those in which Courts of Law and Equity have concurrent jurisdiction of the subject matter of the action and of the relief demanded and in which the statute is applied."

So in the recent case of *Batts* v. *Winstead*, 77 N. C., 238, where a proceeding in a Court of Equity relied on as a bar to an account was impeached, the Court say,—" a guardian who is discharged upon such an accounting must always be prepared to have its justice investigated, until he is protected *by the acquiescence* or *the delay* of the parties interested."

If the case is to be considered as controlled by the statute of limitations prescribed in C. C. P. and commencing to run only from the date of the decree, as must be held upon the principle acted on in *Whedbee* v. *Whedbee,* the result would be equally fatal to the action, as the bar is now applied, not to the mode in which relief is sought, but to the relief itself. C. C. P. § 34. Nor can the plaintiffs derive any advantage from par. 9, of § 34; by which in case

" of fraud heretofore *solely cognizable by Courts of Equity,*" the operation of the statute is suspended "until the discovery by the aggrieved party of the facts constituting the fraud." If the remedy under the former law and practice, could only be sought in a Court of Equity, there is no suggestion of newly discovered evidence of fraud or that all the facts, from which it is deduced, have not been fully known ever since the adjudication. The conclusion reached finds some support from the expression of the legislative will in paragraph 6 of the section which discharges the sureties to the bonds of executors, administrators and guardians from liability, unless the action to enforce it is brought within three years next after the breach of the bond. The judgment of the Superior Court must be reversed and judgment entered here that the defendants go without delay and recover their costs.

Error.                                                Reversed.