J. E. TIMBERLAKE and others v. WILLIAM F. GREEN.

*Guardian and Ward—Statute of Limitations.*

Where the settlement of a guardian account has been sanctioned by the court and assented to by the wards, an action by the complaining party to re-open the same, if there be no allegation of fraud, must be brought within three years after his majority.

(*Becton* v. *Becton*, 3 Jones Eq., 419; *Whedbee* v. *Whedbee*, 5 Jones Eq., 392; *Barham* v. *Lomax*, 73 N. C, 76; *Spruill* v. *Sanderson*, 79 N. C., 466, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of FRANKLIN Superior Court, before *Seymour, J.*

Judgment for defendant, appeal by plaintiffs.

*Messrs. Fuller & Merrimon* and *Reade, Busbee & Busbee,* for plaintiffs.

*Messrs. J. J. Davis, J. B. Batchelor* and *Gilliam & Gatling,* for defendant.

SMITH, C. J. The defendant, on December 10th, 1855, was appointed guardian to the infant children of Eppy Timberlake among whom were the plaintiffs, J. E. Timberlake and R. L. Timberlake, the intestate of the plaintiff, George S. Baker, and entered into bond with sureties for the discharge of his official duties. R. L. Timberlake attained his majority in November, 1868, and having died in 1872, administration on his estate was first committed to W. H. Spencer, and upon his death to the plaintiff, Baker. J. E. Timberlake became of full age on July 2d, 1874. The defendant failing to renew his bond, the solicitor of the district, at spring term, 1870, of the superior court of Franklin, instituted suit against the defendant for an account and settlement of the estate in his hands. An attorney was employed by such of the wards as were then of full age to represent the infants and protect their interests in the action. But they had no other guardian, nor did they appear by next friend. At the same term a reference was made to this attorney and the attorney for the defendant to state the guardian account, and the said Spencer was appointed receiver of the estate. The referees stated the account, which was not returned, and a compromise report was made at fall term, 1871, wherein the controversy between the parties as to the defendant's liability for investing the trust funds in confederate securities in 1863 was adjusted by charging him with one-half of the amount so invested. This adjustment was made with

the concurrence of the wards who were of age, and confirm-
ed by the court. The sureties to the guardian bond were
then insolvent and the defendant so embarrassed as to ren-
der the collection of what was owing by him doubtful. The
sums adjudged to be due those now prosecuting this action
were paid to the said Spencer, he then being both receiver
and administrator of the intestate, R. L. Timberlake, during
the years 1872, 1873 and 1874, the final payment in March,
1874. The receiver had paid over his share of the fund to
the plaintiff, J. E. Timberlake.

Upon these facts His Honor was of opinion that, this ac-
tion, being begun more than three years after the majority
of J. E. Timberlake, was barred by the lapse of time and the
plaintiffs not entitled to an account, and he gave judgment
for the defendant from which the plaintiff appealed.

It is decided in *Becton* v. *Becton*, 3 Jones Eq., 419, under the
then existing statute, substantially the same as that now in
force (Bat. Rev., ch. 53, §§ 22, 23, 24,) that the purpose of the
law directing this proceeding was to "have the interests of
the infants attended to whenever there was reason to fear
from the misconduct of the guardian that there was danger
of loss to them," and that a decree obtained against him
and his sureties is not a bar to another action instituted by
them on their coming of age, and " will be allowed no other
effect, than a *prima facie* presumption that the account and
report upon which it was made were correct." As the intes-
tate, represented by the plaintiff, Baker, was of full age
when the action was begun and his first administrator has
accepted the fruits of that recovery in his behalf, it is plain
he cannot, in the absence of fraud, set aside the adjudication
and re-open the account then adjusted and confirmed, so as
to subject the defendant to further liabilities. The other
plaintiff whose interests were under the protection of an offi-
cer of the law and against whom the decree is presumptive
evidence of the correctness of the account and report in

which he manifests his acquiescence by accepting payment from the receiver, should if dissatisfied have instituted his action in a reasonable time after coming of age; and this, following the analogy of the case of *Whedbee* v. *Whedbee*, 5 Jones Eq., 392; and in consonance with the decision in *Spruill* v. *Sanderson*, 79 N. C., 466, and *Barham* v. *Lomax*, 73 N. C., 76, should be within three years thereafter. The right to re-open a settled account it is said in the first case, must be exercised within three years thereafter. The rule applies certainly with as much force to the facts of the present case, as to those.

The decree is not impeached for unfairness, it was assented to by those who were of age and were similarly interested. It was a compromise of conflicting claims adopted by counsel, submitted to and sanctioned by the court, and subsequently carried out by the party himself when capable of acting. Under these circumstances, we concur with His Honor that the delay is fatal to the conceded right of the infant, when *sui juris*, to bring a new action and have a new settlement.

We therefore affirm the ruling, and judgment will be here entered for the defendant.

No error.                                         Affirmed.