W. H. HUGHES v. J. H. and B. F. WHITAKER.

*Executors and Administrators—Statute of Limitations.*

Where an action was commenced in 1867 against an executor within
three years after his qualification to recover a debt of his testator and
the same is still pending, and the plaintiff brings another action in
1877 to secure the assets of the deceased debtor, alleging their fraudu-
lent disposition by the executor and others; *Held*, that the latter action
is in aid of and not a substitute for the former, and that the plea of
the statute of limitations will not avail the defendants.

(*Blount* v. *Parker*, 78 N. C., 128 ; *Spruill* v. *Sanderson*, 79 N. C., 466,
cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of HALIFAX
Superior Court, before *Graves, J.*

The plaintiff appealed from the ruling of the judge below.

*Mr. R. B. Peebles,* for plaintiff.
*Messrs. Thos. N. Hill, S. Whitaker* and *Day & Zollicoffer,* for
defendants. .

SMITH, C. J.   L. H. B. Whitaker died in the year 1865,
indebted to John Summerell, the plaintiff's testator, in a
large sum, and soon thereafter his will was proved and let-
ters testamentary issued to the defendants, J. H. and B. F.
Whitaker.

This action, commenced on January 9th, 1877, by said
Summerell on behalf of himself and other creditors of the
deceased debtor, against his executors and the other defend-
ants, and prosecuted by the plaintiff since his death, seeks
to secure the assets, personal and such as were derived
from a sale of the devised lands, which, it is charged in the
complaint, under a fraudulent combination among the de-
fendants, have been illegally disposed of and appropriated
to their own use.   The prayer is that these pretended alien-

ations be declared void, and the property secured and placed in the hands of a receiver to meet the claims of the creditors. The defendants deny the allegations of fraud, averring that the property of the deceased debtor has been sold *bona fide,* for a fair price, and the proceeds paid over to the creditors in a due course of administration, and they rely upon the statutory bar for that the action was not commenced within seven years after the death of the debtor and the qualification of the executors. To this answer the plaintiff puts in a replication, intended to have the effect and which should have been in the form of a demurrer, insisting on the insufficiency of the defence under the statute, because the answer fails to show that the assets " have been paid over to the legatees of L. H. B. Whitaker or to the University of North Carolina," and that it is therefore unavailable to the executors. The plaintiff further says that an action was commenced in 1867 or 1868 in the suporior court of law of Northampton county, and within three years after the qualifications of the defendants, as executors, by the said Summerell, to recover the said indebtedness, and the same is still therein depending against them.

To the replication the defendants demur, assigning several grounds of demurrer based upon the additional fact introduced in the replication, that there is a prior action depending against the executors and affirming the sufficiency of the answer in setting up the statutory bar.

Associating the facts alleged in the complaint and in the replication, as the cause of action, the present suit aims to get hold of and secure funds belonging to the deceased debtor, which, by alleged fraudulent contrivances, have been passed into the hands of the other defendants, and which ought to be applicable to the recovery of the plaintiff, when his suit is favorably determined, and to such other debts as are recoverable. It is therefore in aid of, and not a substitute for, the preceding suit. If the plaintiff, upon obtaining

judgment in his first action and failing to make his debt out of the executors, can then pursue the fraudulently alienated estate, and no delay can be imputed to defeat him, why may he not now pursue and secure it to await the result of his other suit, so that it may not become fruitless? We think this remedy is open and is not obstructed by the lapse of time, since, until he recovers judgment, his claim as a creditor is not established. The proceeding may as well be commenced now, to prevent further loss, as after the determination of that action. We may remark further, we do not see how the defendants should be required to allege payment over to legatees or to the University, when the whole fund is alleged to have been used in payment of creditors, and none was, or in fact could be, paid over to them. The pleadings do not show when the fraudulent alienations were made, whether after the first action was commenced or before, nor when the fraud was first discovered, and the primary action for relief in cases where the courts of equity could alone afford it, as in the present case, is only barred after the lapse of the limited time from the discovery which alone puts the statute in operation. C. C. P., § 33, par. 9; *Blount* v. *Parker*, 78 N. C., 128; *Spruill* v. *Sanderson*, 79 N. C., 466.

The demurrer must therefore be overruled, and, under the agreement of counsel, the defendants have leave to put in an answer to the replication. To this end the cause must be remanded to the court below for further proceedings therein.

Error.                                            Remanded.