C. H. BRONSON v. WILMINGTON N. C. LIFE INSURANCE CO.

*Creditors' suit against Corporation—Parties—Pleading.*

1. A judgment creditor of a corporation caused an execution to issue which was returned unsatisfied, and he then brought a suit for himself and all other creditors against the corporation and its stockholders, demanding an account to ascertain the amount due upon unpaid stock, to pay debts of the corporation : *Held* to be a new and independent action, and not demurrable on the ground that his remedy was by proceeding supplementary to execution, or that complaint fails to specify the number of shares held by defendants.

2. Where it is averred in the complaint that the defendants and others whose names are not known are stockholders, and that it is impracticable from their great number to bring them all before the court : *Held* not demurrable for defect of parties. In such case one may sue or be sued for all the others.

(*Rand* v. *Rand*, 78 N. C., 12; *McCaskill* v. *Lancashire*, 83 N. C., 393; *Hughes* v. *Whitaker*, 84 N. C., 640; *Glenn* v. *Bank*, 72 N. C., 626; *Long* v. *Bank*, 81 N. C., 41; *Von Gluhn* v. *DeRosset, Ib*., 467, cited and approved.)

CIVIL ACTION tried at January Special Term, 1881, of SAMPSON Superior Court, before *McKoy, J.*

The suit is brought by Charles H. Bronson and Edmund B. Owens, administrators of John E. Spearman, deceased, against the Wilmington North Carolina Life Insurance Company and its stockholders. The facts appear in the opinion. Demurrer overruled, judgment, appeal by defendant.

*Messrs. J. L. Stewart* and *E. W. Kerr*, for plaintiffs.
*Mr. D. J. Devane,* for defendant.

SMITH, C. J. The plaintiffs having recovered judgment against the defendant corporation upon a debt due their intestate, and caused an ineffectual execution to issue to the county wherein is their principal place of business, on behalf of themselves and its other creditors, institute this action against the corporation and a large number of its stockholders to enforce payment out of such assets as it may possess, not accessible to the ordinary process of law, and especially out of the sums due for unpaid stock. The complaint alleges the organization of the company under an act of the general assembly, and a subsequent amendment fixing its capital stock at a minimum of $300,000, divided in shares of $100 each, whereof one-fifth was required to be paid in within nine months after its first meeting, and the residue in the form of stock notes secured by mortgage on real estate, or with adequate securities to be approved by the president and directors, and payable in sixty days after demand. It avers a failure of the stockholders for many years to elect directors, and the refusal of those last elected to make any assessment on the stock notes to meet the liabilities of the company, and discharge the said judgment due the plaintiffs, and that the defendants, and perhaps others whose names are unknown, are, and at the time of the recovery, were, stockholders in the company, and that it is impracticable, from their great number, and removals by death, to bring them all before the court, and the cause to a trial.

The relief asked is that an account may be taken, and the amount due by the several stockholders for unpaid stock ascertained, and so much be required to be paid in as will be sufficient to discharge the indebtedness of the company, and for the appointment of a receiver.

To the complaint a separate demurrer is put in by the corporation, and a joint demurrer by the enumerated stockholders, on whom process has been served, more than eighty in number, and both assign as causes therefor:

1. For that the remedy by a new action is misconceived, and lies in proceedings supplementary to the execution in the original suit.

2. For that the complaint fails to specify the number of shares held by the respective stockholders who are made defendants, and whether any sum or how much is due from each on his subscription.

3. For that there are other stockholders, not made parties by the due service of process.

These objections to the prosecution of the action we proceed to consider.

I. The proceeding supplementary to the execution provided in sections 264 to 274 inclusive in the Code, is intended to perfect the creditor's remedy *in the same action* and to supersede that which in a divided jurisdiction was attainable before by a bill in equity. But this is not the prosecution of the same cause of action and between the same parties as the other. It is a new and independent suit instituted and conducted for the benefit of all the creditors against additional defendants whose indebtedness it proposes to call in and subject to the demands of creditors. *Rand* v. *Rand*, 78 N. C., 12; *McCaskill* v. *Lancashire*, 83 N. C., 393. A precedent for this mode of procedure will be found in *Hughes* v. *Whitaker*, 84 N. C., 640.

II. The second assigned ground of demurrer is the omission of the complaint to set out the number of shares pos-

sessed by each defendant, and what residue of their sub-
scriptions remains unpaid. This objection is equally un-
tenable, and for reasons sufficiently declared in the com-
plaint. The plaintiffs say they are unable to give the in-
formation, and demand a discovery by means of the refer-
ence. It is sufficient to charge that each owes upon his
stock subscription, and should pay up what is still due, at
least so far as to satisfy the claims of creditors of the corpo-
ration.

III. The last objection is to the absence of some of the
stockholders, and the necessity of their presence as co-de-
fendants in order to a full adjustment of the equities among
themselves, while contributing to discharge the indebtedness
of the company. The exception to the general rule that all
persons interested in, and to be affected by the determination
of the suit, must be made parties on one or the other side,
obtains when they "may be very numerous and it may be
impracticable to bring them all before the court," a rule
prevailing in the former equity practice, and recognized in
express terms by the Code. Story's Eq. Pl., §122; *Glenn*
v. *Bank*, 72 N. C., 626; C. C. P., §62.

"The construction of this section of the Code," remarks
a very careful and accurate author, "has been established
by the courts, and the rule is settled, as already stated, that
where the question to be decided is *one of common or general
interest* to a number of persons, the action may be brought
by or against one for all the others, even though the parties
are not so numerous that it would be impracticable to join
them all as actual plaintiffs or defendants; but on the other
hand, when the parties are so very numerous *that it is im-
practicable to bring them all into court, one may sue, or be sued
for all the others*, even though they have no common or gen-
eral interest in the question at issue, and the necessary facts
to bring the case within one or the other of these conditions
must be averred." Pom. Rem., §391. The cases of *Glenn*

v. *Bank, supra*, and *Von Glahn v. DeRosset*, 81 N. C., 467, are cases sustaining the proposition in our own courts, and in the first, the very objection here made was overruled.

We do not undertake to say whether the absent stockholders will be bound or any of their rights impaired by the adjudication, nor whether the creditors can compel the defendants to contribute more than their ratable parts of the sum required, as if all were before the court. These questions may hereafter arise, and we now only determine that the action may be prosecuted against those who are defendants.

We therefore sustain His Honor in overruling the demurrer, while we reverse so much of his judgment as imposes costs upon the defendants as the condition of their being permitted to answer the complaint.

The right to put in an answer after the overruling of a demurrer is conferred in section 131 of the Code, as amended by the act of 1871–'72, (ch. 172, § 1,) "if it appears that the demurrer was interposed in good faith," of which no question seems to have been made.

Thus modified, the judgment rendered in the court below must be affirmed. Let this be certified.

PER CURIAM. Modified and affirmed.