THEOPHILUS SLAUGHTER et als. v. CALEB CANNON et als.

## Statute of Limitations.

1. An action to reopen an administration account and readjust a settlement made under the decree of a court of competent jurisdiction, in the absence of fraud, is barred within three years.

2. *It seems*, that parties to a decree, who accept benefits under it, cannot afterwards attack it, except for fraud.

(*Whedbee* v. *Whedbee*, 5 Jones Eq., 392 : *Spruill* v. *Sanderson*, 79 N. C., 466 ; *Timberlake* v. *Green*, 84 N. C., 658, cited and approved).

CIVIL ACTION, tried before *Gudger, Judge,* at Spring Term, 1885, of the Superior Court of PITT county.

By consent of the parties, his Honor found the facts which are as follows :

This action, begun on February 12th, 1883, by the plaintiff, claiming the personal estate of Theophilus Slaughter, which is, or ought to be, in the hands of the defendant Caleb Cannon, who upon the death of the executrix appointed therein without having completed her administration, was appointed administrator *de bonis non*, with the will annexed, against him and the other defendants, sureties upon his administration bond, is to impeach certain decrees made in the former court of equity, and reopen the administration account. There are numerous grounds set out in the complaint for assailing the integrity of the proceedings, conducted in said court of equity to their determination, which are not necessary to be specified, as the denial in the answer of allegations of fraud, collusion or other improper management by the solicitors of the parties litigant, are direct and positive, and co-extensive with the charges, and the facts are ascertained and found by the trial Judge with their consent.

The case sent up by the Judge is as follows:

That Theophilus Slaughter, domiciled in Pitt county, having executed a last will and testament, died in the year 1858, and administration *cum testamento annexo*, was granted to the defendant Cannon, who executed a bond in the sum of fifteen thousand dollars or thereabouts. That at Spring Term, 1861, of the Court of Equity of Pitt county, a bill was filed by one class of the devisees under said will, against the other class, for a construction of the will, and an account and settlement of the same, which was transmitted to the Supreme Court for its decision, and by it decided at January Term, 1867. See *Martha Cooper and others* v. *Caleb Cannon, administrator and others*, Phil. Eq., 83. That all parties in interest were parties to this action. The plaintiffs therein were represented by counsel of their own employment, F. B. Satterthwaite and the Hon. Asa Biggs, respectable attorneys of that Court, who are since dead. The defendants were made parties by actual service of summons by publication, represented by counsel of their own selection, E. C. Yellowley and Col. George Singeltary, the latter of whom has since died. That

at Spring Term, 1867, of the Court of Equity of Pitt County, it was referred to Louis Hilliard, the Clerk and Master of said Court, to take and state an account of the administration by Cannon of his testator's estate. That the referee reported to the Fall Term of said Court, showing a balance due by the administrator, on the 1st January, 1867, of $8,412.37. At the same Term, a decree was entered confirming the report, a judgment rendered for the balance reported, to be discharged in such notes and bank bills as the administrator had in his possession, which he had received from the sale of property of his testator. That before Spring Term, 1868, of said Court, the defendant administrator paid to the Clerk and Master, in notes and bank bills, the property of his testator, received from sales made by him, the sum of $4,148.00 under said decree. That at Spring Term, 1868, of said Court, a decree was filed in the cause, as follows: "And the parties being willing to make a compromise and settlement with the defendant as to the balance due from him, have agreed and do hereby agree, that if the defendant, Caleb Cannon, will pay into office, the sum of fifteen hundred dollars, cash, that the same shall be received in full of the balance due from the defendant Caleb Cannon. It is therefore ordered by the Court, by consent of the parties, that the Master may receive the the said sum of fifteen hundred dollars, in full of the balance due from the defendant Caleb Cannon, and the Master is directed to divide and pay over the same, as well the proceeds of the bank bills, collections from the notes and the sales of property, among the parties interested, in proportion to their respective interests, and that he make report of the same."

That very shortly thereafter, the defendant Caleb Cannon, as administrator, paid to the Clerk and Master the sum of fifteen hundred dollars in cash, which with the proceeds of the sales of the bank bills, the collections from the notes and proceeds of the sales of land, was paid over by said Hilliard, Clerk and Master in Equity, to Calvin Cox, his successor in office, by whom it was paid to these plaintiffs, and each one of them, in proportion to

the interest of each in the estate of their testator, and receipted for upon the books of the office in separate receipts, signed by each, the last receipt bearing date October 21st, 1873.

That at Fall Term, 1883, and continually since, these defendants have had property sufficient above their exemptions and liabilities to pay the balance due at Spring Term, 1868. The following is a copy of one of the receipts, all of the others being identical, except as to the amounts, dates and signature of the party:

"Received of Louis Hilliard, Clerk for the County of Pitt, one hundred and twenty-eight and $\frac{40}{100}$ dollars, it being my distributive share in the fund collected, belonging to the estate of Theophilus Slaughter, deceased, as per decree of the Court of Equity, made in the cause of *F. B. Satterthwaite, attorney, et al.* v. *Caleb Cannon, administrator de bonis non of Theophilus Slaughter, et al.*

her<br>ELIZABETH ✕ TUCKER.<br>mark.

Witness:
        JAMES W. FORBES.
*July 30th*, 1868.

This action was commenced on the 12th February, 1883.

Upon these facts his Honor rendered judgment that " the plaintiffs' action is barred," from which judgment the plaintiffs appealed.

*Mr. J. A. Williamson*, for the plaintiffs.
*Mr. Jos. B. Batchelor*, (*Messrs. H. A. Gilliam & Son* also filed a brief ), for the defendants.

SMITH, C. J. (after stating the facts). Not a single fact is shown to exist which in any degree impeaches the fairness and good faith of the former proceedings to bring about a settlement of the testator's estate. Respectable and opposing counsel represented the parties to the suit. Reference was made to the

clerk, to take and state the administration account, and he did so, making his report to the next Fall Term, 1867, of the Court, and showing in his, the administrator's hands, trust funds to the amount of $8,412.37.

A decree was entered confirming the report, and directing to be paid over by the administrator, the said sum, in bank bills and such notes as he had taken, in making sale of his testator's property. Before Spring Term, 1868, he had paid into the Clerk and Master's office, in accordance with the decree, $4,148.00 of such funds, nearly one-half of the whole amount, and then the consent decree was entered, which is contained in the findings of the Judge. Very soon thereafter, the entire sum was paid into the office of the Clerk and Master by the administrator, in cash, which, with the other funds, on the retirement of the Clerk and Master, were passed over to Calvin Cox, his successor in office, or their shares in the funds paid to the plaintiffs, so that each has accepted his part of the whole.

The final decree at Spring Term, 1868, has thus not only been fully executed, and the plaintiffs, in receiving their portions of the fund, thereby given assent to what was done, but they have allowed the decree to remain undisturbed by any action on their part, for nearly thirteen years thereafter, and when most of the counsel, to whom is now imputed a want of fidelity to their clients, are dead, and their lips scaled against explanations or self-vindication.

The authorities cited in the brief of appellees' counsel, *Whedbee* v. *Whedbee*, 5 Jones Eq., 392; *Spruill* v. *Sanderson*, 79 N. C., 466; *Timberlake* v. *Green*, 84 N. C., 658, fully sustain the ruling, that the present action, in the absence of fraud, is too late to be entertained, and is barred. Aside from the delay, and the consequences of the plaintiffs severally taking out of the office their parts of the fund, there seems nothing developed in the inquiry as to the facts, to sustain the numerous averments of fraud in the complaint.

No error.                                         Affirmed.