W. L. FAISON, Cashier of Clinton Loan Association, et al., and W. A. DUNN, Receiver, v. J. L. STEWART, Administrator of John Ashford, et al.

*Partnership—Borrowing Partner—Statute of Limitations.*

Where a member of an unincorporated joint stock association (which is a partnership) borrows money from the association, he assumes towards the other members or partners the position of a trustee, and is bound to account with them whenever they may call upon him to do so, and hence the statute of limitations does not begin to run in his favor until such demand. The fact that the note, the evidence of the indebtedness, is made payable to the cashier of the association does not change the relations of the parties.

CIVIL ACTION, heard before *Winston, J.*, at April Term, 1892, of SAMPSON Superior Court.

From a judgment in favor of defendants plaintiff Dunn, receiver, appealed.

The facts are sufficiently stated in the opinion of the Court.

*Mr. R. O. Burton*, for plaintiffs.
*Messrs. Allen & Dortch* and *Battle & Mordecai*, for defendant.

BURWELL, J.: This action was brought by all the members of the *joint stock company* known as the Clinton Loan Association, except the defendant's intestates, John Ashford and J. R. Beaman, to recover certain sums of money due the said association and evidenced by promissory notes not under seal, payable to the cashier, who was also one of the stockholders or members. J. R. Beaman was living when the suit was begun.

While the action was pending, at April Term, 1891, the *corporation* known as the Clinton Loan Association became the owner of all the assets of the joint stock company of that name, and was made plaintiff. Afterwards W. A. Dunn was appointed receiver of this corporation according to the provisions of chapter 155 of the Laws of 1891, and he became plaintiff, and has appealed to this Court from the judgment of the Superior Court, excepting to that judgment because his Honor, being " of the opinion that the right of action on all said notes, upon which three years have elapsed since last payment thereon, was barred by the statute of limitations," declared that he could not recover on such notes.

We have decided at this Term, in *Hanstein* v. *Johnson* and *Bain* v. *Clinton Loan Association*, that the *joint stock com-*

*pany* of which the plaintiffs and defendants were members, and which did a general banking business under the name of the Clinton Loan Association, was a partnership. It follows that the debts due from the defendants to the plaintiff are debts due from two members of a copartnership to the firm for money borrowed from the firm. The fact that the notes were made payable to the cashier of the Clinton Loan Association does not affect the relations of the parties to this controversy. The real creditor is the partnership, called a joint stock company, of which this cashier was an agent or servant. As *cashier* he was not a necessary party to this action, nor would he be to any action brought on a note payable to him, as the notes involved in this action are, for now actions must be brought in the name of "the real party in interest." It might well be argued that the statute of limitations cannot protect the defendants for the reason that no suit could be brought on any of the notes mentioned in the complaint till a dissolution of the firm, for the reason that, as a general rule, one partner cannot sue another partner in such an action. But the right of the plaintiff receiver to have judgment on all the notes, notwithstanding the lapse of time, can be put on even better ground. It is said in *Patterson* v. *Lilly*, 90 N. C., 82, that "the functions, rights and duties of partners, in a great measure, comprehend those of both trustees and agents." When, within the scope of the business of the firm, a partner does any act in the name of the partnership, he binds all his associates, for he is in all such matters their agent, as they are his. And where a partner takes into his own possession or borrows from the firm, or appropriates to his own use, any of the assets of the copartnership, he assumes towards the other partners the position of a trustee, and is bound to account with them for the assets so taken or appropriated or borrowed whenever the other partners make

demand upon him so to do. No time runs in his favor till such demand is made. It is alleged in the complaint and admitted in the answer that plaintiffs' demand upon the defendants for the payment of all these notes, due from them to the firm, was made "recently, before the commencement of this action."

These general principles of the law of partnership are especially applicable to the peculiar facts of the case before us. These borrowing partners were of those to whom the management of the partnership business was entrusted. They were directors of the concern. It was their duty to see that notes due the firm were collected. The articles of agreement so provided. Directing and managing partners of a banking firm who allow notes, on which they are liable, to remain so long unpaid can only escape a charge of that *crassa negligentia* that is closely akin to fraud by asserting that their purpose was to pay these obligations whenever the exigencies of the firm required them so to do, and that they knew that no lapse of time would protect them from the just demands of their copartners and creditors.

Error.