THOMAS P. OUTLAND et al. v. ELIJAH OUTLAND et al.

*Practice—Misjoinder of Causes of Action.*

Where the devisee of land charged with the support of a lunatic agreed to pay plaintiffs for the support and maintenance of the lunatic, and plaintiffs brought suit against such devisees to recover the amount due under such agreement, and also to have the land so charged subjected to the payment of such sum and to secure the payment for the future support by plaintiffs of the lunatic under said contract: *Held,* that there was no misjoinder of causes of action. *Query:* Whether the charge on the land could be enforced in favor of plaintiffs.

OUTLAND *v.* OUTLAND.

CIVIL ACTON heard on complaint and demurrer, before *Bynum, J.*, at August Term, 1893, of NORTHAMPTON Superior Court.

From the judgment sustaining the demurrer on the ground that there was a misjoinder of causes of action, the plaintiffs appealed.

*Mr. R. O. Burton*, for plaintiffs (appellants).
No counsel, *contra*.

CLARK, J.: This action is brought upon the allegation that Thomas Outland devised certain lands to his sons Elijah and Cornelius, charged with the support of another son, Thomas, who was *non compos mentis;* that "said Thomas has lived with and been supported by the plaintiffs, under an arrangement entered into between said Cornelius and Elijah and these plaintiffs that said Cornelius and Elijah should pay for his support and maintenance." Payment not having been made the plaintiffs ask for judgment for the amount and to subject the land of Elijah and also of Cornelius, now partly in hands of heirs and partly in the hands of purchasers (who are made defendants), to the payment thereof. The only question presented by the appeal is whether this is a misjoinder of causes of action. We think not. *The Code*, § 267 (1); *Hamlin* v. *Tucker*, 72 N. C., 502; *Glenn* v. *Bank*, 72 N. C., 626; *McMillan* v. *Edwards*, 75 N. C., 81; *Young* v. *Young*, 81 N. C., 91; *Bank* v. *Harris*, 84 N. C., 206; *King* v. *Farmer*, 88 N. C., 22; *Heggie* v. *Hill*, 85 N. C., 303.

Whether the devise is a charge upon the land, and if so, whether the plaintiffs are subrogated to the right to enforce it, are interesting questions, but are not now before us. In ruling that there was a misjoinder of causes of action there was
Error.