ALLEN, J., dissenting; BROWN, J., concurring in the dissenting opinion.
At February Term, 1917, of Mecklenburg, Paul Chatham and the Charlotte Rapid Transit obtained judgment against the defendant, the Mecklenburg Realty Company, for $10,000 and interest from date of judgment. On appeal, this was affirmed with modification that the judgment should bear interest from 19 May, 1913, the date of the contract sued upon, and not from the first day of the trial term as in actions for tort, where the verdict does not expressly allow interest. A petition *Page 501 
to rehear was denied. Execution upon the judgment was issued 14 March, 1918, and was returned 2 April, 1918, "nulla bona." Thereupon plaintiffs made demand upon the officers and directors of the Mecklenburg Realty Company to pay in sufficient funds from the assets of the company which had been distributed among the stockholders to liquidate said judgment, which was refused.
This action was begun 2 April, 1918, against the directors and stockholders of the Mecklenburg Realty Company to enforce payment of said judgment, and upon an order for examination, made in this cause, by the officers of the Mecklenburg Realty Company, it was ascertained that its entire assets and capital had been distributed among the stockholders. On 17 August, 1917, the plaintiffs in the judgment assigned to E. T. Cansler and H. L. Taylor one-fifth interest in the proceeds as security for payment of fees for legal services rendered, and to be rendered in said case. On 2 January, 1918, the plaintiffs in the judgment assigned to H. L. Taylor $2,305 in said judgment as security for debts due him, but for which he held other security amply sufficient to secure said debts. On 2 January, 1918, the same plaintiffs assigned to Margaret Kavanaugh as security for certain debts due her the balance arising from the proceeds from said judgment.
The Mecklenburg Realty Company, on 7 December, 1916, filed a certificate of voluntary dissolution, and thus attempted to dissolve. The summons in the original action in this case had been served upon said realty company theretofore on 12 August, 1914.
When this cause came on for trial at September Term, 1919, of Mecklenburg, both parties, by consent, entered on the minutes of the court, waived trial by jury, and consented that the issues of fact be tried by the court, who heard the evidence and rendered the findings of fact and judgment holding that the assignees of an interest in judgment were not necessary parties in the said action; that plaintiffs' cause of action against the stockholders of the Mecklenburg Realty Company was barred by the three-year statute of limitations; and that plaintiffs could only recover against said stockholders to the extent of the assets and capital of said company, which had been distributed among them within said three years, but that plaintiffs' cause of action against the directors of said company was not barred by the statute of limitations. Both parties appealed. At Spring Term of this Court, 1920, a per curiam order was entered that the assignees of interests in the judgment should be made parties in the Superior Court, with leave to them to file pleadings and to the other parties to except, and that the action taken should be certified to this Court, the case being retained here for further orders, but the order of this Court was "not to be taken as conclusive upon the parties who might except thereto, and they could take such course in the *Page 502 
Superior Court, or in this Court, to protect their rights as they may be advised." The pleadings had below in pursuance to said order have been certified to this Court, and are now a part of the record of this case.
Though the assignments were absolute in form, the judge finds as a fact from the evidence that they were made as a security for debts for legal services and other indebtedness. H. L. Taylor testified that the assignment to himself and to Mr. Cansler was as security for the payment of fees due them as counsel, and that at his suggestion a further assignment was made of an interest in judgment to secure an indebtedness due his client, Mrs. Kavanaugh. She was not at the time aware of this provision for her benefit, but has since then accepted it, and has filed her pleas in this Court, as well as Cansler and Taylor, claiming their beneficial interests in the proceeds of the judgment.
"The Court finds as a fact that plaintiffs have such an interest in said judgment, as gives them the right to prosecute this action in their own name, in behalf of themselves and all other creditors having an interest." The above assignees of a beneficial interest in said judgment have been made parties and filed pleadings in behalf of such beneficial interests. Thus all parties interested in the judgment are before the court. The original owners of the judgment could thus maintain the action in their own behalf, and for the benefit of their assignees as trustees of an express trust under the terms of said assignments, and can prosecute this action. "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another." C. S., 449.
It was proper, though not necessary, that such assignees should be made parties, which has been done, and they have filed their supplemental pleadings. The exception that the owners and plaintiffs in the judgment could not bring this action was properly overruled.
The proceedings to recover the assets and capital which has been distributed among the shareholders and against the officers and directors was in the equitable jurisdiction of this Court. The statute is simply a cumulative legal remedy. Barnawell v. Threadgill, 40 N.C. 89; Oliveira v.University of N.C. 62 N.C. 70; Humphrey v. Wade, 70 N.C. 281. *Page 503 
In Settle v. Settle, 141 N.C. 563, the Court affirmed the above principle from which it is clear that the statute declaring the liability of directors and stockholders to creditors, upon the admitted facts of this case, merely extended the equitable powers of the court to obtain possession of the assets of the corporation and administer them in accordance with the principles of equity, and does not substitute the statutory remedy to the exclusion of the equitable remedy heretofore existing. The intent of the Legislature was to make the remedy of creditors swifter and more efficacious, and the statutory remedy does not restrict the right of the creditors by shortening the time within which those rights could have been enforced in an equitable proceeding.
A creditor who has obtained a judgment against a corporation can maintain such action when the execution has been returned nulla bona. InGuilford v. Georgia Co., 112 N.C. 36, the Court said: "There being no distinction between actions at law and suits in equity in this State, any proper relief can be granted in a civil action. A creditor's suit is of itself a very comprehensive and liberal action. It is not demurrable, because the remedy might have been had by supplemental proceedings. Bronsonv. Ins. Co., 85 N.C. 411; Hughes v. Whitaker, 84 N.C. 640. It is not demurrable because the cause of action is dormant. Bacon v. Berry,85 N.C. 124; Bank v. Harris, 84 N.C. 206; Mebane v. Layton, 86 N.C. 571. It is an old and well settled mode of procedure, fully adequate to settle all conflicting interests."
This right of action existed prior to the statute, and is not penal in its nature, and the statute governing penal actions has no application. The summons in the action in which the judgment was recovered was served upon the Mecklenburg Realty Company 12 August, 1914. The judgment was obtained at February Term, 1917, and is conclusive as to the indebtedness. The officers and stockholders of the realty company, in December, 1916, evidently seeing beforehand that judgment would be obtained in February following, attempted to evade payment by their voluntary proceeding for dissolution in December, 1916, and the distribution of the capital and assets of the corporation among the stockholders. This was an attempted fraud, and as was held in McIver v. Hardware Co., 144 N.C. 484: "When the property has been divided among the shareholders, a judgment creditor, after a return of an execution against a corporation unsatisfied, may maintain a creditor's bill against a single shareholder or against as many shareholders as he can find within the jurisdiction, to charge him or them to the extent of the assets thus diverted, it is immaterial whether he got them by fair agreement with his associates, or by an act wrongful as against them."
The judgment is an estoppel upon the officers and stockholders of the corporation, and cannot be collaterally attacked by them. Heggie v. *Page 504 Loan Asso., 107 N.C. 581; Clark v. Marsh Corp., 10 Cyc., 733, and cases there cited; Hawkins v. Glenn, 131 U.S. 319, in which last the facts are almost identical with those in this case.
C. S., 1197, provides: "In the case of the dissolution of a corporation, the debts due to and from it are not thereby extinguished, nor do actions against a corporation which is dissolved before final judgment abate by reason thereof, but no judgment shall be entered therein without notice to the trustees or receivers of the corporation." The action was pending at the time the dissolution proceedings were taken out, and the directors and trustees were fixed with notice thereof, and at the rendition of judgment they not only appeared by counsel, but appealed to this Court, and after the affirmation of the judgment here applied for, and were refused a rehearing. C. S., 1193, continued the existence of the corporation for three years for the purpose of prosecuting and defending actions, and section 1194 constitutes the directors trustees to wind up the affairs of the corporation, collect debts due it, sell and convey the property, and, "after paying its debts, divide any surplus money and other property among the stockholders." And section 1198 provides for the distribution of funds, and section 1199, supra, provides that the debts due to and by such corporations shall not be extinguished nor actions abated by dissolution before final judgment.
There is no statute of limitation which protects either stockholders or the directors who receive the capital and assets of the corporation with notice by the pending suit of a claim of the plaintiff. In Long v. Miller,93 N.C. 233, it was held that even though a contract sued upon was barred by the statute, yet the creditor could follow the funds placed in the hand of the trustee to secure such indebtedness. To the same purport are Faisonv. Stewart, 112 N.C. 334; Baker v. Brown, 151 N.C. 15, and many other cases. Both the directors and the stockholders of the company received and held the capital distributed among them in trust and for benefit of the creditors.
The cause of action in this case for the recovery of assets of the corporation from the stockholders and the directors did not accrue until judgment was obtained against the corporation upon the indebtedness and the return on the execution issued thereon "nulla bona." Until that time they could not have taken proceedings to compel the return of the assets distributed among the stockholders, and the application thereof to the plaintiff's judgment. Hughes v. Whitaker, 84 N.C. 640, in which it was said that the plaintiff's remedy "is open, and is not obstructed by the lapse of time, since until he recovers judgment his claim as a creditor is not established." In that case the judgment creditor was seeking to pursue the funds of the estate which had been fraudulently alienated. "No cause of action accrues against the shareholder until the creditor *Page 505 
has failed to make the amount of his judgment or ascertained claim from the assets of the company, or unless, perhaps, in certain cases it appears to be useless to proceed against the corporation." Hawkins v. Glenn,131 U.S. 319; Scoville v. Thayer, 105 U.S. 143.
In Taylor v. Bowker, 110 U.S. 113, it was held that in a proceeding "to enforce judgment against the property of a corporation whose charter had been surrendered, the cause of action does not accrue until the execution has been returned against the corporation."
If there were any statutes of limitation which began to run against the plaintiff's cause of action prior to the judgment and return of the execution, it was the 10-year statute "for relief not herein provided for," C. S., 445; Lynch v. Johnson, 171 N.C. 615, and cases there cited; Allen v.Gooding, 173 N.C. 95; Barnes v. McCullers, 108 N.C. 55; Ross v. Henderson,77 N.C. 170, and numerous other cases.
It is true that C. S., 441 (9), provides that "An action for relief on the ground of fraud or mistake must be brought in three years." If that section applied, it is further provided in that section that "the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting such fraud or mistake." It does not appear here that the plaintiffs made such discovery before the rendition of the judgment and the return of the execution unsatisfied, and indeed, until that was done they had no cause of action to recover the misapplied assets of the corporations. Besides, the distribution of such assets did not take place until within less than 3 years before the beginning of this action. In no aspect are the plaintiffs barred by the statute of limitation.
We are of opinion that the plaintiffs were entitled to proceed directly against the stockholders and directors who received the assets of the Mecklenburg Realty Company without the appointment of a receiver, and that the plaintiffs' cause of action against the stockholders and directors of said company is not barred by the statute of limitation.
In the plaintiffs' appeal the judgment is modified in accordance with the above opinion. In the defendants' appeal,
No error.