### STATE *v.* HENDERSON ADAIR.

General statutes do not bind the sovereign, unless for that purpose the sovereign is expressly mentioned in them.

The act of 1868-'69, chap. 116, sec. 37, was not intended to interfere with any right of the State to use condemned prisoners as witnesses whenever the Solicitor deemed it for the interest of the State so to do: *Therefore held,* to be error in the Court below to refuse a petition for a *habeas corpus ad testificandum,* to bring up a prisoner confined in jail under sentence of death for murder, in order that such prisoner might testify in a trial for felony then pending in said court.

(*State* v *Garland,* 7 Ired. 48, cited and approved.)

PETITION for a writ of *habeas corpus ad testificandum,* heard before *Logan, J.,* at the Fall Term, 1872, of the Superior Court of RUTHERFORD county.

Solicitor Bynum, for the State, presented the following petition to the court below, to wit:

"STATE OF NORTH CAROLINA,
RUTHERFORD COUNTY,
*Superior Court, Fall Term,* 1872.

State
*v.*
Henderson Adair, *et al.*

*To the Honorable* GEO. W. LOGAN, *Judge of the 9th Judicial District, sitting for Rutherford County, in said District:*

The petition of W. T. Bynum, Solicitor for said District, prosecuting in behalf of the State, showeth that one Henderson Adair is now confined in the jail of said county, on a charge of the murder of William H. Steadman, *alias* Lee, and others, all of said county.

That one Martin Bainard is a material witness in behalf of the State, on the trial of said prisoner, without whose testimony he cannot safely try said action.

That a bill of indictment against said Henderson Adair, is now pending before the Grand Jury of said county at the present term, and cannot be safely proceeded with without said testimony.

That said witness, Martin Bainard, is confined in the common jail of Henderson county, under sentence of death for murder.

Wherefore, the petitioners asks your Honor to grant the State's writ of *habeas corpus ad testificandum*, commanding the sheriff of Henderson county to have the said Martin Bainard before the said Court *instanter*, to testify in behalf of the State in said criminal action as aforesaid.

W. P. BYNUM, *Solicitor.*

Sworn to before me this 1st October, 1872.

G. W. LOGAN, *J. S. C.*"

The Court refused to grant the prayer of the petition, from which judgment the State appealed.

*Attorney General Hargrove*, for the State.
No counsel in this Court for the defendant.

BOYDEN, J.   In this case, the Solicitor of the Eighth Judicial District made application to his Honor, Judge Logan, while holding the Superior Court of Cleaveland, for a writ of *habeas corpus ad testificandum* for one Martin Bainard, then under sentence of death in the jail of Henderson county, alleging as a reason that the said Bainard was a material and necessary witness for the State, in a case pending in said Court against said Adair and others, for the crime of murder.

In regard to the general question as to the right of parties litigant to a writ of *habeas corpus ad testificandum* for witnesses under sentence for a felony, the Court entertains no doubt that parties litigant have no right to the writ. The act of 1868–'69, chapter 116, section 37, we hold, forbids such writs to issue in favor of parties in any suit, as that would in a measure defeat the sentence of the law pronounced against a felon.   But the Court is of opinion that this provision applies only to parties strictly so called, and not to the State.

In the case of the *State* v. *Garland*, 7 Ired. 48, RUFFIN, C. J., says, " it is a known and firmly established maxim, that general statutes do not bind the sovereign, unless expressly mentioned in them.   Laws are made *prima facie* for the government of the citizen, and not of the State herself." And his Honor further says, " that the very action then under discussion has a provision which furnishes an example of the rule that the sovereign is not to be brought within the provision of a statute by general words, but only by being expressly named."

The provision in the statute under consideration was the 40th and 42d sections of the Revised Statutes, chapter 31, which provides that if a suit be commenced in the Superior Court for a less sum than $100 due by bond, it shall be dismissed, and that when a suit is dismissed, or the plaintiff is nonsuited, on the ground that the case is not within the jurisdiction of the Court, the plaintiff shall pay all costs. The State was plaintiff in the case, having brought suit upon a bond for a less sum than $100. Upon this state of facts, his Honor further remarks, " that no one would say that there could be judgment for costs against the State in any case." The Court held the action properly brought. This, then, being the well established rule in the construction of statutes, we are of opinion that his Honor erred in refusing to grant the prayer of the petition as asked for by the Solicitor for the State, to whose discretion such matters are by our law confided.

Before the Act of 1866, no felon after judgment could testify against any one, he being regarded as infamous. But it is within the recollection of some of the Court that after a conviction for a capital felony, the Court under the old system, has suspended pronouncing sentence for some three terms at the request of the Solicitor, in order that the convicted prisoner might be used as a witness on the part of the State against his accomplices in the crime, of which he had been convicted. We are satisfied that the act of 1868–'69, did not intend to interfere with the right of the State to use condemned prisoners as witnesses, whenever the prosecuting officer deemed it for the interest of the State to do so.

There was error in his Honor's ruling.

This will be certified.

PER CURIAM.                    Judgment accordingly.