J. C. L. HARRIS, Solicitor, *ex parte*.

One who has been convicted of murder, and is under sentence of death, is a competent witness; and the Solicitor for the State is entitled to a *habeas corpus* to bring such condemned prisoner into Court, for the purpose of testifying before the grand jury.

Chapter 54, sec. 40, Bat. Rev. applies only to parties strictly so called, and not to the State.

(*State* v. *Adair*, 68 N, C. Rep. 68; *State* v. *Garland*, 7 Ired. 48, cited and approved.

PETITION for a *habeas corpus*, heard before `Watts, J.*, at Spring Term, 1875, of NORTHAMPTON Superior Court.

The Solicitor filed the following affidavit :

*    *    *    " that Cornelius Williams is now in the jail of this county, having been convicted at Fall Term, 1874, of this Court, of the murder of one Samuel Presson ; that said Williams appealed to the Supreme Court, and that the judgment of this Court was affirmed.   That said Williams is now under sentence of death for the said murder, and that said Williams is a material witness for the State in a case of murder to be enquired into by the Grand Jury at this Term."    *    * Wherefore he prayed that the said Williams might be brought into Court to testify, &c.

His Honor, after deliberation, gave judgment refusing the

prayer of the petition.   From this judgment the Solicitor appealed.

*Harris*, Solicitor, for the petition, argued :

That the Constitution prescribes no disfranchisement as to witness.   That the act of 1866 makes Williams a competent witness ; and that the act of 1868, chap. 116, sec. 37, does not bind the State.   See *State* v. *Adair*, 68 N. C. Rep., 68.

BYNUM, J.   This case is governed by the decision of this Court in the *State* v. *Adair*, 68 N. C. Rep., 68, which is so directly in point, that his Honor must have overlooked it or he would have allowed the motion.   It is there held that the act of 1868, Bat. Rev., chap. 54, sec. 40, applies only *to parties* strictly so called, and not to the State, upon the maxim that general statutes do not bind the sovereign unless expressly mentioned in them.   *State* v. *Garland*, 7 Ired., 58.   The prisoner by our existing law is a competent witness, and the State is therefore entitled to his evidence, which may be procured in the way prescribed by law.   Neither the Court below or this Court has the right to presume that the officers of the law, chosen to represent the public justice of the State, will abuse that high trust by either an inhuman or injudicious exercise of their powers.

The case does not present a fit occasion for the animadversion contained in his Honor's judgment.

There is error.

PER CURIAM.                               Judgment reversed.