## AMOS WADE v. THE COMMISSIONERS OF CRAVEN COUNTY.

The subject of taxation is regulated entirely by statute, and the revenues of this State are collected under the operation of what is known as the machinery act.

The County Commissioners have exclusive original jurisdiction to grant relief against excessive valuation of property for taxation; and from their decision, upon a petition for that purpose, there is no appeal, unless it appears from the facts found by them as to the valuation of property, that they have proceeded upon some erroneous principle; for the reason that the statute gives no appeal.

(*Wilmington, Columbia & Augusta R. R. Co. v. The Board of Commissioners of Brunswick County*, 72 N. C. Rep. 10, cited and approved.)

This was originally a *Petition* by the plaintiff to the defendants, praying that he might be relieved from certain taxes, which the plaintiff alleged were excessive. From the ruling of the Board of Commissioners, the plaintiff appealed to the Superior Court. The cause was removed to the county of CARTERET, and there heard before *McKoy, J.*, at August Term, 1875.

The following is the statement of the case sent up as a part of the record. The plaintiff on the 8th day of July, 1873, presented to the defendants a petition for relief from excessive taxation, upon certain lands in Craven county. Upon the hearing of the petition, the Board of Commissioners found as a fact, that nine hundred and fifty acres of the land, valued at five thousand dollars, should be reduced to four thousand. That another tract, containing one hundred acres, valued at three hundred dollars, should be reduced to two hundred dollars. That another tract, containing three hundred and eighty-four acres, valued at one thousand dollars, should be reduced to eight hundred. At the same time the Board refused to make any deduction as to other property embraced in the petition, upon the ground that the same was properly valued.

6

From the order of the Board refusing further reductions, the plaintiff appealed to the Superior Court of Craven county. At Spring Term, 1874, of that court, upon affidavit of the plaintiff, the cause was removed to the Superior Court of Carteret.

At August Term, 1875, of Carteret Superior Court, the defendants moved to dismiss the appeal upon the following grounds:

1. That the determination of the Board of Commissioners is conclusive as to the facts found by them as to valuation.

2. That the said Board, not possessing judicial powers, is incapable of rendering a judgment, and that the law has provided no mode of reviewing a judgment or order of said Board, by way of appeal.

3. That the proceeding was not commenced by summons, and therefore, is not an action, and the venue cannot be changed.

The motion was refused, and thereupon the defendants appealed.

*Lehman,* for the appellant.
*Green,* contra.

SETTLE, J. The subject of taxation is regulated entirely by statute, and the revenues of this State are collected under the operation of what is known as the machinery bill.

By this bill, Battle's Rev., chap. 102, the Township Board of Trustees are required to assess the value of the real and personal property within their respective townships on the first day of April, in each year, and they are required to return an abstract and tax list to the Clerk of County Commissioners on or before the first Monday in May in each year.

The County Commissioners of each county are required to meet on the third Monday in May, and revise the tax list and valuation reported to them ; and in doing so, they are required

to hear. the complaint of any one alleging that his property has been improperly valued, or that he is charged an excessive tax. From the facts found by them as to the valuation of property, unless it appears that they have proceeded upon some erroneous principle, there is no appeal, simply for the reason that the statute gives none.

The act of 1869–'70, chap. 225, sec. 17, did allow the complainant an appeal to the Superior Court, from the decision of the commissioners, "upon or involving any matter of legal liability;" but this provision is omitted from the machinery bill of 1870–'71, chap. 195, and is not to be found in Battle's Rev., chap. 102.

In the *Wilmington, Columbia & Augusta R. R. Co.* v. *The Board of Commissioners of Brunswick County*, 72 N. C. Rep., 10, this court says, "If it was made to appear that they, the township or county officers, proceeded on an erroneous principle, we might perhaps correct their valuation, but an error in the fact of the value of the property is beyond our power to correct.

There is error. Let judgment be entered here dismissing the proceeding at the cost of the plaintiff.

PER CURIAM.                    Judgment accordingly.