THE BOARD OF COMMISSIONERS OF GREENE COUNTY et al. v. JOHN MURPHY et al.

*Arrearage of Taxes—Tax Lien on Land—Chancery Jurisdiction to Enforce Collection of Judgment—Sheriff.*

In an action against a land-owner to enforce the collection of arrearages of taxes alleged to be still due and a lien upon his lands, it appeared that the county taxes due from 1881 to 1886 had never been paid to the *county;* that judgment therefor had been obtained against the Sheriff and his sureties, parts of which were still unpaid. It was not shown that such balance was uncollectable.   Another Sheriff, charged with the collection of these taxes against the defendant Murphy, desisted, upon his defence and affidavit, that he had paid them to the former Sheriff: *Held* (1) that the land could not be so subjected, if at all, to the payment of such taxes; (2) there is no statute prescribing such remedy, and the remedies provided by statute should be exhausted before such action is attempted, if at all; (3) this is not one of the possible cases in which the chancery jurisdiction of the Court can be invoked.

This was a CIVIL ACTION, tried at March Term, 1890, of GREENE Superior Court, before *Boykin, J.*

This action is brought by the Board of Commissioners of the county of Greene to enforce the collection of certain alleged arrearages of taxes due that county for the years 1881

COMMISSIONERS *v.* MURPHY.

to 1886 inclusive, levied upon certain real estate specified, the property, at the time of such levy, of the defendant John Murphy, and charged against him, parts of which he has since sold to other defendants, and to enforce the alleged lien of such taxes imposed upon the real estate mentioned.

It is alleged in the complaint that so much of the taxes levied upon the land as were due to the State were paid; that so much of the same as were due the said county, or a considerable part thereof, have not been paid; that judgments for the same against the Sheriff of that county charged with the collection of such taxes, and his sureties to his official bonds, were obtained in favor of said County; that parts of these judgments have been paid and other parts thereof remain unpaid. It is not alleged that the sureties of the said Sheriff, against whom judgments were taken, are insolvent, or that such balances unpaid could not be collected from them by execution. Another Sheriff was afterwards charged, in 1888, to collect from the defendant Murphy the alleged arrearages of taxes, but he desisted from so doing upon the ground that said Murphy made affidavit, as allowed by statute, that he had paid such taxes to the former Sheriff, but the plaintiffs allege that there was no such payment in fact. The complaint demands judgment against the defendant Murphy for the amount of such taxes unpaid; that the same be declared to be a lien upon the real estate mentioned; that the same be sold, and for general relief. The defendants demur to the complaint and assign as grounds of demurrer, among other things, that the plaintiffs have no capacity, in law or equity, to bring or maintain the action; that the Court has no jurisdiction to entertain the action; that the complaint fails to state facts sufficient to constitute a cause of action, etc. The Court sustained the demurrer and dismissed the action, and the plaintiffs appealed.

*Mr. W. C. Munroe*, for plaintiffs.
*Messrs. G. M. Lindsey* and *T. C. Wooten*, for defendants.

MERRIMON, C. J.—after stating the facts: If, in possible cases, the chancery jurisdiction of the Court might be invoked to enforce liens upon real estate created by taxes duly levied thereupon and the collection of arrearages of taxes in favor of the State or counties, the present is not one of them. The taxes specified in the complaint were duly levied upon the land mentioned; the tax-list and the order to collect were placed in the hands of the Sheriff, charged by the law to collect the taxes therein specified. He failed to collect the same, as he was bound to do, or he did collect them and failed to account therefor, and thus committed a breach of the condition of his appropriate official bond, and for such breaches judgments against him and his sureties to his bond were obtained in favor of the county of Greene. Such remedy is given by statute. It is not alleged that these judgments cannot be collected, and that the county has no remedy other than that sought by this action. The statutes in respect to revenue and taxation contemplate and intend that taxes shall be levied and the collection thereof promptly enforced in the way and by the means and remedies therein prescribed, and certainly no action like the present one can be employed to enforce such collection until the statutory remedies shall be exhausted, if then. There is no statutory provision that prescribes or allows the remedy intended by this action. *Gatling* v. *Commissioners,* 92 N. C., 536; *Wade* v. *Commissioners,* 74 N. C., 81; *Huggins* v. *Hinson,* Phil., 126. It is very clear that this action cannot be maintained, and we need not advert in detail to the numerous assignments of error.

Judgment affirmed.