## THE STATE AND GUILFORD COUNTY v. THE GEORGIA COMPANY.

*Taxes, Remedies for Collection of by the State—Insolvent Corporation—Creditor's Bill—Receiver.*

1. The State and county having, through the Board of Commissioners sitting with the Justices of the Peace, assessed the property of a corporation for taxation and placed the tax-list in the hands of the Sheriff, who cannot find any property of the corporation upon which to levy, are *creditors* holding a *debt* against such corporation and are entitled, under sections 668 and 701 of *The Code*, to bring a proceeding in the nature of a creditor's bill against such corporation, with or without proceedings for its dissolution.

2. The fact that the Revenue Act prescribes a specific remedy for the collection of taxes does not restrict the State to pursue that method, nor preclude it from seeking the aid of the Superior Court through a creditor's suit. The specific remedy pointed out restricts only the officers who collect the revenue and not the sovereign.

3. A county is a delegated part of the authority of the State and the joinder of a county with the State cannot affect the latter's right to sue, a right which it has by implication under various statutes aside from the fact that it has inherently all remedies not voluntarily and unequivocally relinquished.

4. The fact that an individual can be *indicted* for failure to list his property for taxation does not bar the State from proceeding by suit to enforce the payment of taxes; no more does the right which the State has to have the charter of a corporation declared forfeited for non-payment of taxes on its property preclude the State from seeking the appointment of a receiver of such corporation in order that it may get what it might not reach by the bootless remedy afforded by a suit for dissolution.

Avery, J., concurring.

Civil action in nature of creditor's bill, brought by the State and Guilford county against the Georgia Company, heard on complaint and demurrer at December Term, 1892, before *Brown, J.*, who sustained the demurrer and ordered the action to be dismissed.

From this judgment the plaintiffs appealed.

*Messrs. R. M. Douglas* and *L. M. Scott,* for plaintiffs (appellants).

*Messrs. D. Schenck* and *P. B. Means,* for defendant.

Clark, J.: This is a civil action in the nature of a creditor's bill, brought by the State and county for the appointment of a receiver for the defendant corporation to collect its assets and pay its debts. It stands on complaint and demurrer; therefore all the allegations of fact in the complaint, for the purposes of this appeal, are admitted to be true.

These allegations are that, on June 6, 1889, the Board of Commissioners of Guilford county, upon due notice and after full hearing, assessed against the defendant the sum of $62,445.78 as State and county taxes and penalties for the year 1888; that the said taxes were returned by the Sheriff as uncollectible; that defendant gave notice of appeal, but abandoned its appeal, and removed all its property and effects, which were of great value, from the State, for the purpose of preventing the collection of taxes and in fraud of its creditors; that defendant is insolvent or in eminent danger of insolvency; that defendant has forfeited its corporate rights; and that the plaintiffs have exercised due diligence and exhausted all apparent means of collecting their debts. The complaint also alleges the organization of defendant corporation under the laws of this State; its domicile in Guilford county; the issue of its stock and bonds; the acquisition of its property, and its liability to taxation. These taxes were assessed in conformity to section 91, chapter 218, Acts 1889.

It is well settled that the Board of County Commissioners, when sitting with the Justices of the Peace, has succeeded to all the powers of the old County Court in matters of taxation. The Board exercises judicial powers, has a clerk and a seal, and keeps a record of its proceedings. *The Code*, §§715, 716. Within its jurisdiction, it is a court of record. "The tax-list is a judgment against every person for the amount of the tax, and the copy delivered to the Sheriff is an execution." *Huggins* v. *Hinson*, 61 N. C., 126, cited and approved in *Commissioners* v. *Piercy*, 72 N. C., 181; *London* v. *Wilmington*, 78 N. C., 109; *Gore* v. *Mastin*, 66 N. C., 371; *Railroad* v. *Lewis*, 99 N. C., 62, and *Commissioners* v. *Murphy*, 107 N. C., 36. Indeed, every revenue act from 1869 down to the present expressly provides that the tax-list shall have "the force and effect of a

judgment and execution." The plaintiffs have, therefore, a judgment and execution, with a return of *nulla bona* by the Sheriff.

In *Jones* v. *Ashford*, 79 N. C., 172, the Court says, "the diligent and honest prosecution of a suit to judgment, with a return of *nulla bona*, has always been regarded as one of the extreme tests of due diligence," and further, "the return of the execution unsatisfied is evidence of the exhaustion of its legal means of collection," citing *Camden* v. *Doremus*, 3 How., 515.

The defendant insists that a tax is not a debt. It is not a debt in its most limited sense; that is, it is not liable to set-off and the other incidents of a simple contract between individuals. This is so on grounds of public policy, and also because though a debt (or due) it does not arise out of contract. (*Gatling* v. *Commissioners*, 92 N. C., 536. But it is a debt in the higher sense of the word. In this sense it is defined by Bouvier as "Any kind of a just demand"; by the Century Dictionary as "That which is due from one person to another, whether money, goods or services"; and by Webster, substantially the same, with "thing owed, obligation, liability," given as synonyms. All causes of action become debts after judgment. *Dellinger* v. *Tweed*, 66 N. C., 206; Rap. and Law. Law Dict., pages 352 and 696. The old action on a judgment was an action for debt. 3 Blk., 159, and so is an action for a penalty. "The government has the same right to enforce a duty as a debt, and may enforce it in the same way." *People* v. *Seymour*, 16 Cal., 332. When a tax is imposed, the tax-payer becomes a debtor. *Savings Bank* v. *United States*, 19 Wall., 227; *Attorney General* v. _____, 2 Anstruther, 558, cited and approved in 19 Wall., 227. "Debt lies in favor of the United States against an importer for the duties due on goods imported." *United States* v. *Lyman*, 1 Mason C. C.,

482.   In this case the argument for the government was by Mr. Webster, and the opinion of Judge STORY was approved in *Savings Bank* v. *United States, supra.*

Whatever construction may be placed upon the word "debt," no such restricted meaning is ever applied to the words "credit and creditor." "A creditor is he who has a right to require the fulfillment of an obligation or contract." Bouvier's Law Dict.   Credits comprise "every claim or demand for money, labor, interest, or other valuable things, due or to become due."   Acts 1891, ch. 326, sec. 85.

The plaintiffs, being creditors, could formerly bring a creditor's bill in equity and now, under sections 668 and 701 of *The Code,* against the corporation, with or without proceedings enforcing its dissolution.

Defendant further contends that, whether the State and county are creditors or not, they are precluded from bringing a creditor's suit to enforce payment of their claims, because there is a specific remedy for the collection of taxes in the Revenue Act itself (Acts of 1891, ch. 326, sec. 77), which they insist the plaintiffs must pursue.  The specific remedy pointed out restricts only the officers who collect the revenue, and not the sovereign, or the county which *pro hac vice* stands in the place of the sovereign.   "General statutes do not bind the sovereign, unless specially mentioned in them."   "Every plea of the State is cognizable in a court of record."   *State* v. *Garland,* 29 N. C., 48, cited and approved in *State* v. *Adair,* 68 N. C., 68, and Harris *ex-parte,* 73 N. C., 65 ; *Savings Bank* v. *United States, supra,* and cases there cited ; *Meredith* v. *United States,* 13 Peters, 486.   The county is a part of the delegated authority of the State, and is *pro hac vice* the State.   *United States* v. *Railroad,* 17 Wall., 322.   In any event, the joinder of the county with the State cannot affect the right of the State to sue.   Moreover, this right to sue is recognized by clear implication in section 3324 of *The Code,*

authorizing the Governor to employ counsel in every case in any Court in which the State is interested, and also in section 48, chapter 179, Acts of 1889, appropriating $2,500 to be expended by the State Treasurer to secure the collection of taxes. The same provision occurs in the Act of 1891. Why employ counsel if they cannot be heard in Court? The imposition of a tax clearly implies the intention to collect. If the plaintiffs cannot bring a creditor's suit, they cannot prove their claims in a suit brought by another and would thus be compelled to stand idle and see a private creditor, or even a stockholder, bring suit and absorb the entire assets of the delinquent corporation. Thus the sovereign would be placed beneath the subject, the creator below the corporation of its own creation.

The principle that the absence of an adequate statutory remedy preserves the right of action is recognized by all the authorities. *Gatling* v. *Commissioners, supra;* Cooley on Taxation, p. 13, note and cases therein cited.

Moreover, throughout all the authorities a clear distinction seems to run between the cases where a private plaintiff brings an action to compel and levy the collection of taxes to pay a debt due him, and where the sovereign seeks to collect its own taxes for the general purposes of government. The citizen has only such remedies as are given to him; the State has inherently all remedies not voluntarily and unequivocally relinquished.

There being no distinction between actions at law and suits in equity in this State, any proper relief can be granted in a civil action. A creditor's suit is of itself a very comprehensive and liberal action. It is not demurrable, because remedy might have been had by supplementary proceedings. *Bronson* v. *Insurance Co.*, 85 N. C., 411; *Hughes* v. *Whitaker*, 84 N. C., 640. It is not demurrable, because the cause of action is dormant. *Bacon* v. *Berry*, 85 N. C.,

124. It can be brought before judgment. *Bank* v. *Harris*, 84 N. C., 206; *Mebane* v. *Layton*, 86 N. C., 571. It is an old and well-settled mode of procedure, fully adequate to settle all conflicting interests.

Nor can we see the force of defendant's contention that because the State had the right to have its charter declared forfeited because of its failure to pay its taxes, therefore the State has no right to this remedy. The forfeiture was a penalty which the State could insist on or waive at its election. It was not compelled to enforce it. It is strange that the defendant should insist on the State's resorting to this course, unless it may be that the defendant, having removed itself and its assets out of the State, and now having no agent here, as admitted by the demurrer, if it can force the State to resort to some other proceeding and abandon the present one, it may be more difficult for the State to recover the sum due by the defendant. The present action asks for the appointment of a receiver, and has all the requisites of the one the defendant insists the plaintiff should take, except that it does not ask for a dissolution of the corporation. Why should the defendant object on that ground?

If the defendant had been an individual owing taxes on several million dollars of shares, which he afterwards removed out of the State, leaving no tangible property upon which the Sheriff could levy, he surely could not defeat proceedings, such as these, on the ground that the State had a remedy against him by indictment for failure to list his property for taxation. Nor can this defendant do so on the ground that the State could punish it by declaring the charter forfeited. The State is not seeking to punish, but to collect the debt due it. Besides, it would be small punishment to declare a charter forfeited when the defendant is doing no business in the State, has now no

property here, and could secure another charter before a Clerk in some other State. Indeed, it would seem that the defendant is one of those companies which are chartered in one State without any intention of doing business therein, but to operate entirely in other States, such as are termed technically, in the text-books and by law-writers, "tramp corporations." 26 Am. Law Rev., 193; 25 *Ibid.*, 352.

If this was a creditor's bill by private individuals seeking to collect a debt of $60,000 against a debtor who had fraudulently removed his assets out of the State, they would be entitled to the present remedy for the appointment of a receiver. To restrict the plaintiffs to supplementary proceedings would be impracticable, since, aside from the question whether the appointment of a receiver by a Clerk could be authenticated under the act of Congress for the purpose of proceedings in another State, in this case the judgment fixing the debt is in a Court in which no supplementary proceedings can be obtained. The remedy on such judgments is necessarily by action in the Superior Court to reach any property which cannot be touched by a levy. Corporations have the same rights before the Courts as individuals, neither more nor less. If the State can under similar circumstances proceed to collect taxes of an individual without being restricted to an indictment, neither is it restricted, as to a corporation, to proceedings to declare a forfeiture of the charter. If private individuals under these circumstances can have a receiver appointed, the State and county have a remedy at least as broad.

The day has gone by in North Carolina when men by uniting themselves into a corporation can obtain exemption from taxation which they could not obtain as individuals. Const., Art. V., sec. 3. Neither can corporations now claim to be exempt, in the enforcement of the collection of taxes, from any process which would lie in favor of or against

STATE AND GUILFORD *v.* GEORGIA COMPANY.

individuals for the collection of taxes or other debts. Indeed, the debt due the State for taxes is a preferred debt. It is expressly recognized as a debt, and preferred by the statute for the settlement of estates of deceased persons (*The Code*, §1416), and in bankruptcy proceedings. It also has the distinction that neither the homestead nor off-sets can be claimed against it. In all this there is evidence that public policy provides not a lesser but a broader remedy for the collection of taxes than for other indebtedness. When there is property subject to levy, taxes are collectible usually in that mode. But when the property has been spirited away the State does not necessarily lose its debt, but has at least the same remedies for its collection as are given to its humblest citizens.

It is hardly necessary to note that this is not a proceeding to assess the defendant for taxation. That has been done in the appropriate forum, the amount due has been adjudged, and the defendant has acquiesced by abandoning any appeal therefrom. The present proceeding is to enforce collection of the taxes, so adjudged due, by proceedings which would be open to any one else against a debtor who had removed all his property from the jurisdiction of the Court. The demurrer should have been overruled.

Error.

AVERY, J., concurring : I concur in the conclusion of the Court, but rest my opinion upon additional authorities and somewhat different grounds. In *Wilson* v. *Bynum*, 92 N. C., 717, the Court said : " *The Code* has not taken away from the Superior Court any jurisdiction heretofore exercised by courts of equity, except, *perhaps*, in cases exclusively within the jurisdiction of a Justice of the Peace." *Wadsworth* v. *Davis*, 63 N. C., 251.

STATE AND GUILFORD *v.* GEORGIA COMPANY.

Courts of equity have always entertained creditors' bills brought to enforce the collection of a judgment, after a return of *nulla bona*, out of property not subject to execution, and also to compel a personal representative to subject assets to debts of a decedent, yet the statutory mode of proceeding has been repeatedly declared not to be exclusive. *Clement* v. *Cozart,* 107 N. C., 695; *Wilson* v. *Bynum, supra; Allison* v. *Davidson,* 1 Dev. & Bat. Eq., 46; *Simmons* v. *Whitaker,* 2 Ired. Eq., 129; *Martin* v. *Harding,* 3 Ired. Eq., 603.

There is no common law principle, or constitutional or statutory provision, which precludes the State or county, in the exercise of governmental functions, from pursuing a remedy allowed to every individual upon a return of *nulla bona* to an execution, or where it is admitted by a demurrer that the debtor has property not subject to execution. The necessity for the appointment of a receiver being shown by the complaint, which is admitted to be true, the right of the Court, in the exercise of its equitable jurisdiction, to take the property into its custody by such appointment, cannot be successfully questioned. The county of Guilford is a judgment creditor, and execution having been returned unsatisfied, why should the county be denied the remedy conceded to any citizen of the State, and an opportunity be afforded by such a groundless technicality for a corporation to evade the payment of a debt which is justly due to the county and is of the very highest dignity?