W. H. WORTH, State Treasurer, v. J. B. WRIGHT.

(Decided March 22, 1898).

*License Taxes—Action by the State Treasurer for Collection of License Taxes.*

1. License taxes are, in effect, assessed by the statute and become due and collectable, as a debt due to the State, as soon as the party assumes to exercise, as a business, the profession, trade or occupation upon which the tax is imposed.

2. Under Section 3350 of *The Code* the State Treasurer "may demand, sue for or collect and receive all money and property of the State not held by some person under authority of law."

3. An action for the collection of the license tax imposed by Section 25, Chapter 116, Acts of 1895, on the business of selling pianos, and made payable directly to the State Treasurer, was properly brought by that officer in his own name, although it might have been brought in the name of the State.

CIVIL ACTION heard on complaint and demurrer before *Adams, J.*, at December Term, 1897, of GUILFORD Superior Court. The demurrer was sustained and plaintiff appealed.

*The Attorney General* and *Mr. Brown Shepherd* for plaintiff (appellant).
*Messrs. Shaw & Scales* for defendant.

DOUGLAS, J.: This is an action brought by the plaintiff, as treasurer of the State of North Carolina, to recover of the defendant the tax imposed by Section 25 of Chapter 116 of the Public Laws, 1895, upon the business of selling pianos and organs. The defendant demurred for that the complaint did not state a cause of action in that it appeared that the plaintiff had no interest in the tax sued for, which was due and owing to the State, and

that there was therefore a defect of parties plaintiff. The demurrer was sustained and the plaintiff appealed.

We think that his Honor erred in sustaining the demurrer. While the suit might have been brought in the name of the State, it was equally competent to be brought in the name of the Treasurer alone. Section 25 of Chapter 116 of the Acts of 1895, under which this suit is brought, provides that "Every person, company or manufacturer who shall engage in the business of selling pianos or organs by sample, list or otherwise in the State, shall before selling or offering for sale any such instruments *pay to the State Treasurer* a tax of two hundred and fifty dollars and obtain a license which shall operate one year from its date, and all such licenses shall be countersigned by the Auditor, and no other license tax shall be required by counties, cities or towns." This license tax is, therefore, by statute made directly payable to the Treasurer, and he is authorized to demand, sue for and collect it under Section 3359 of *The Code*, which provides that he may "demand, sue for, collect and receive all *money* and *property* of the State not held by some person under authority of law." Section 3765 of *The Code* in sub-section 6 defines property as follows: "The words 'real property' shall be co-extensive with lands, tenements and hereditaments. The words 'personal property' shall include monies, goods, chattels, choses in action and evidences of debt, including *all things capable of ownership*, not descendible to the heirs at law. The word 'property' shall include all property both real and personal." This word "property" was held to be "*nomen generalissimum*" in *Redmond* v. *Commissioners*, 106 N. C., 122, 140. It was held in the case of the *State and Guilford County* v. *Georgia Company*, 112 N. C., 34, that taxes duly assessed became a

debt, and as such could be collected by suit. License taxes are, in effect, assessed by the statute, and become due and collectible as soon as the party assumes to exercise, as a business, the profession, trade or occupation upon which the tax is imposed. The mere fact that the party might be indicted for carrying on any such business, without having paid the tax and obtained the license required by law, does not prevent the State or its lawful officers from collecting the tax by suit. *Guilford County* v. *Georgia Company, supra.*

The authority of the Treasurer to bring the suit in his own name, as Treasurer, was recognized in *Bain* v. *Railroad*, 105 N. C., 363. That it was the legislative intent that he should collect the taxes is shown by Section 49 of the Act itself imposing the tax (Chapter 116, Acts 1895), which is as follows : "A sum not to exceed $2,500 is hereby appropriated out of any monies in the treasury, not otherwise appropriated, to be expended by the Treasurer of the State as he may deem best and necessary to secure the proper and prompt collection of the taxes." As the suit at bar was properly brought by the plaintiff in his own name as Treasurer, the judgment of the Court below in sustaining the demurrer is

Reversed.