JOHN YANCEY, AND J. W. WINBORNE, EXECUTOR AND TRUSTEE OF THE ESTATE OF W. W. GUY, DECEASED; MRS. MATTIE GUY DANIEL, MISS ANNIE LAURA BLANTON, CHARLOTTE BLANTON, PAULINE BLANTON AND ALBERT BLANTON, JR., THE LAST NAMED THREE BEING MINORS, APPEARING BY THEIR NEXT FRIEND AND FATHER, ALBERT BLANTON, PETITIONERS, v. NORTH CAROLINA STATE HIGHWAY & PUBLIC WORKS COMMISSION, RESPONDENT.

(Filed 14 October, 1942.)

1. **Statutes §§ 5a, 5b—**

General statutes do not bind the State unless the State is expressly mentioned therein.

2. **State § 2a—**

Interest may not be awarded against the State, even on a sum certain which is overdue and unpaid, unless the State has manifested its willingness to pay interest by an act of the General Assembly or by a lawful contract to do so. C. S., 2309, providing that the amount of any judgment shall bear interest, has no application to a judgment against the State Highway and Public Works Commission.

3. **State § 1a—**

The State Highway and Public Works Commission is an unincorporated agency of the State and may only be sued by the citizen when authority is granted by the General Assembly, and the methods prescribed for entertainment of such an action are exclusive. C. S., 1715, et seq.

4. **Constitutional Law §§ 15a, 15b, 15c: Eminent Domain § 1a—**

The principle, forbidding the taking of private property for public use without just compensation, is so grounded in natural equity that it has never been denied to be a part of the law of North Carolina. N. C. Const., Art. I, sec. 17.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by petitioners from *Clement, J.,* at July Term, 1942, of McDOWELL. Affirmed.

This was a proceeding under the statute to obtain compensation for land taken by respondent for highway purposes. Judgment on the verdict, fixing the amount of compensation, was rendered at December Term, 1941. On appeal to this Court by the petitioners, the case was heard at Spring Term, 1942, and is reported in 221 N. C., 185, where the pertinent facts are set out. It was there held that the petitioners were not entitled to add to the judgment an additional amount as interest on the value of the land from the time of the taking.

Thereafter the petitioners entered a motion in the cause, denominated petition for *mandamus,* to compel the payment of interest on the judgment from the date of its rendition to the time of payment. Respondent

demurred *ore tenus* to the petition and motion. The demurrer was sustained, and petitioners appealed.

*Proctor & Dameron and Ehringhaus & Ehringhaus for petitioners, appellants.*

*Charles Ross for respondent, appellee.*

DEVIN, J. The question presented by this appeal is whether the respondent as an agency of the State can be required by the court to pay interest on a judgment against it from the date of its rendition until paid.

From the facts set out in the petitioners' motion, admitted by the demurrer, it appears that judgment on the verdict was rendered 12 December, 1941, at a term of court which began 1 December, 1941, and that compensation for the taking of petitioners' property was fixed as of the trial in the sum of $56,250. On 19 December, 1941, oral tender of the exact amount of the judgment, in full settlement thereof, was made to petitioners, followed by formal tender 10 January, 1942. In both instances tender was refused. Payment of the principal sum was accepted under stipulation 16 May, 1942.

If the petitioners were entitled to interest on the judgment, interest ran from the first day of the term or from the date of rendition (*In re Chisholm's Will,* 176 N. C., 211, 96 S. E., 1031), and a subsequent tender of only the amount of the judgment without interest could not avail respondent to stop the running of interest. A tender, to be effective, must include the full amount the creditor is entitled to receive, including interest to the date of the tender. *Duke v. Pugh,* 218 N. C., 580, 11 S. E. (2d), 868.

But the ruling of the court below is bottomed upon the principle that interest on an unpaid claim is not recoverable against the State. Is this general rule controlling upon the facts of this case? The proper decision of this question requires consideration of several material factors. The State Highway and Public Works Commission is an unincorporated agency of the State, charged with the duty of exercising certain governmental functions, *Latham v. Highway Commission,* 191 N. C., 141, 131 S. E., 385; *McKinney v. Highway Commission,* 192 N. C., 670, 135 S. E., 772, and like the State may only be sued by a citizen when authority is granted by the General Assembly, *Carpenter v. R. R.,* 184 N. C., 400, 114 S. E., 693; and the methods prescribed for the entertainment of such an action are exclusive. While the various acts creating the State Highway Commission and prescribing its powers and duties do not declare in so many words that it may "sue and be sued," it sufficiently appears from the language of the statutes that in the matter of condemnation of land for highway purposes, and with respect to the

method of arriving at compensation therefor, right of action lies in the manner set out by statutes, Public Laws 1921, ch. 2, as amended, and C. S., 1715, *et seq.* The procedure prescribed is open to the property owner as well as to the Highway Commission.

The North Carolina Constitution, Art. I, sec. 17, provides that no person ought to be deprived of property "but by the law of the land." The quoted language, which traces its lineage to sec. 39 of Magna Charta, has been held equivalent to the due process of law required by the XIVth Amendment to the Constitution of the United States. *Parish v. Cedar Co.,* 133 N. C., 478, 45 S. E., 768. The Vth Amendment to the Constitution of the United States, forbidding the taking of private property "for public use, without just compensation," applies only to appropriations by the United States, but as was well said in *Johnston v. Rankin,* 70 N. C., 550, "the principle is so grounded in natural equity that it has never been denied to be a part of the law of North Carolina." *Chicago, B. & O. R. R. v. Chicago,* 166 U. S., 226; *Dohany v. Rogers,* 281 U. S., 362.

In view of the requirement of the Vth Amendment to the Federal Constitution that just compensation be awarded for the taking of private property for public use, the Supreme Court of the United States has declared in several decisions, involving condemnation proceedings by the United States that, as an element of just compensation, interest on the value of the property appropriated from the time of the taking may be included. *Seaboard Air Line R. Co. v. United States,* 261 U. S., 299; *Jacobs v. United States,* 290 U. S., 13; *Smyth v. United States,* 302 U. S., 329; 96 A. L. R., 150 (note). It was said in *U. S. v. North American Transportation & Trading Co.,* 253 U. S., 330, that "interest is allowed in condemnation proceedings not *qua* interest for default or delay in paying the value, but as the measure of compensation for the use and occupation during the period which precedes the passing of the title. . . ."

However, that principle does not aid us under the facts of this case. Here the amount of compensation justly due the petitioners has been judicially determined by verdict and judgment as of the time of the trial, and on the former appeal in this case it was held that interest could not be added to the judgment, which was in accord with the verdict, by reason of matters occurring before judgment. This has become the law of the case. Compensation has been established according to the law of the land. An unliquidated claim has been translated into a judgment. The petition for *mandamus* now is not to require payment of compensation, or interest on the value from the time of the taking, but interest as interest on the judgment from and after its rendition. Petitioners were adjudged not entitled to add to the judgment an

additional amount as interest on the value of the land from the time of the taking. They now ask the court to add an additional amount to the judgment as interest on the judgment. It is a somewhat different matter from adding interest from the date of taking to the value of the property as part of the compensation, to adding interest to the judgment by which the full amount has already been fixed, from and after its rendition, as damages for delay in payment. It may be noted from the former appeal in this case that petitioners retained possession of the land after the filing of maps outlining the appropriated areas, and that actual deprivation of possession was delayed. The date of actual "taking" was not fixed by the jury. The verdict spoke as of the date of the trial, and the judgment was based upon the verdict as rendered. *Durham v. Davis*, 171 N. C., 305. There was no exception to the trial. It would seem that the matter of compensation was therein finally adjudicated.

In considering the question here presented, whether or not a judgment against the State Highway Commission as an agency of the State bears interest from the date of its rendition until paid, we are confronted with the established principle that interest may not be awarded against the State unless the State has manifested its willingness to pay interest by an Act of the General Assembly or by a lawful contract to do so. *Cannon v. Maxwell*, 205 N. C., 420, 171 S. E., 624; *Bledsoe v. State*, 64 N. C., 392.

It was said by the Supreme Court of the United States in *U. S. v. North Carolina*, 136 U. S., 211, "But it is equally well settled, by judgments of the Supreme Court of North Carolina, that the State, unless by or pursuant to an explicit statute, is not liable for interest, even on a sum certain which is overdue and unpaid." That case involved the right to collect interest on State bonds where, after maturity, payment was delayed, and it was held the State could not be compelled to pay interest after the maturity of the bond, there being neither contract nor statutory consent to do so. This is in accord with the common law rule that delay in payment cannot be attributed to the sovereign, and that liability for interest on that account cannot be imposed by an individual. *U. S. v. North American Transportation & Trading Co.*, 253 U. S., 330. It was said in *Cannon v. Maxwell, Stacy, C. J.*, speaking for the Court: "As far back as *Attorney-General v. Navigation Co.*, 37 N. C., 444, *Ruffin, C. J.*, delivering the opinion of the Court, declared the law of this jurisdiction to be accordant with the general rule, 'that the State never pays interest unless she expressly engages to do so.' And the law as thus declared, was upheld by the Supreme Court of the United States in *U. S. v. North Carolina*, 136 U. S., 211."

The petitioners' motion is that writ of *mandamus* be issued to compel the respondent, an agency of the State, to pay interest on a judgment.

Has the State consented to pay interest on a judgment against it? The petitioners contend that the State has expressly manifested its consent by the statute, C. S., 2309, which provides that "the amount of any judgment . . . rendered in any kind of action . . . shall bear interest until paid." They argue that the terms "any judgment" and "in any kind of action" necessarily include a judgment rendered in an action which the State has permitted to be brought against one of its governmental agencies. It may be conceded that the comprehensive language of the statute would be sufficient to include the judgment in question but for the established principle, repeatedly stated by the Court, that general statutes do not bind the State unless expressly mentioned in them. In *S. v. Garland,* 29 N. C., 48, decided in 1846, it was said by *Chief Justice Ruffin,* "But it is a known and firmly established maxim that general statutes do not bind the sovereign unless expressly mentioned in them. Laws are *prima facie* made for the government of the citizen and not of the State itself." This statement of the law has been cited with approval and without question in numerous decisions of this Court. *S. v. Adair,* 68 N. C., 68; *Harris, Ex parte,* 73 N. C., 65; *Guilford v. Georgia Co.,* 112 N. C., 34, 17 S. E., 10; *O'Berry v. Mecklenburg County,* 198 N. C., 357, 151 S. E., 880; *Cranfield v. Winston-Salem,* 200 N. C., 680 (682), 158 S. E., 241; *Seawell, J.,* in *Warrenton v. Warren County,* 215 N. C., 367. See also 59 C. J., 1103; 25 R. C. L., 784; *Carr v. The State,* 127 Ind., 204; *State v. Milwaukee,* 145 Wis., 131. Upon the same principle it was held that general statutes of limitations do not apply to the State, unless expressly named therein. *New Hanover County v. Whiteman,* 190 N. C., 332, 129 S. E., 808; *Asheboro v. Morris,* 212 N. C., 331, 193 S. E., 424.

The general statute as to interest on judgments, which is not a statute relating to procedure but one of general law, does not expressly refer to judgments against the State, nor do the statutes authorizing the instant proceedings against the State impliedly bring the State within its purview.

In *Reconstruction Finance Corp. v. J. G. Menihan Corp.,* 312 U. S., 81, it was said that, where Congress has conferred authority upon a corporate agency of the government "to sue and be sued," these words "normally include the natural and appropriate incidents of legal proceedings," such as, in that case, costs and the additional allowances awarded by courts of equity against unsuccessful litigants. But we think the authority to a citizen to institute adversary proceedings for the recovery of compensation for land taken for highway purposes, while involving many of the ordinary incidents of litigation, does not embrace consent by the State to be held to liability for interest on judgments under principles of general law rather than those pertaining to procedure.

By virtue of Art. IV, sec. 9, of the North Carolina Constitution, the Supreme Court has original jurisdiction to hear claims against the State, but it is expressly provided that its decisions shall be recommendatory only, and that no process in the nature of execution shall issue thereon. And it was held that this Court had no power to award interest in the absence of a special contract. *Bledsoe v. State,* 64 N. C., 392.

Statutes which provide that judgments shall bear interest from date of rendition are based upon the idea that the creditor is entitled to damages for delay in payment. 30 Am. Jur., 24; 33 C. J., 213. In *McNeill v. R. R.,* 138 N. C., 1, 50 S. E., 458, it was said that interest on judgments was recoverable "by way of damages for the detention of the money." In this case the tender of payment was made by respondent within a few days after the rendition of the judgment, and there was not such an unreasonable delay in payment as would constitute a denial of just compensation, under the principle stated in *Bragg v. Weaver,* 251 U. S., 57, and *Brooks-Scanlon Corp. v. U. S.,* 265 U. S., 106.

In the excellent brief of appellants numerous decisions from other jurisdictions are cited in support of their contentions. We will refer to several of these to which our attention was called as being in point.

In *State ex rel. The Steubensville Ice Co. v. Merrell,* 127 Ohio State, 453, the facts were very similar to those in the case at bar. It was there held that demurrer to an independent action for *mandamus* to compel payment of interest on a judgment, awarding damages for taking property for a road, should be overruled. The decision was based on the ground that the Ohio Constitution expressly required "just compensation," and hence compensation included interest from the taking to the time of payment.

In *Carr v. The State,* 127 Ind., 204, the action was to recover interest on state bonds after maturity. After stating the general rule that a state is not liable for interest unless it contracts to pay it, the decision in that case was based upon the view that the language of the statute authorizing the bonds contemplated payment of interest after maturity.

In *Simms v. Dillon,* 119 W. Va., 284, 193 S. E., 331, it was held that the provisions in the statute as well as the Constitution of that state for just compensation authorized the Court to provide for payment of interest during the time between the taking and the final payment of the money due. This was reaffirmed in *S. v. Painter,* 120 W. Va., 486, 199 S. E., 372.

In *Franklin Bros. v. Standard Mfg. Co.* (Texas civil appeals), 78 S. W. (2d), 294, it was held that a statute declaring that "all judgments" should bear interest applied to judgments against the state. To the same effect is *Commonwealth v. Lyon,* 24 Ky. Law., 1747, 72 S. W., 323. In that case it was held that the same rule as to interest applied to the

state as in suits between individuals. See also *DeVore v. State Highway Com.,* 143 Kan., 470, and *Chicago etc. R. R. v. Mundt,* 56 S. D., 530, 229 N. W., 394. In *Wagoner v. Morrison,* 279 Mich., 285, 271 N. W., 760, interest was held chargeable against the state in condemnation proceedings as part of just compensation. There was no specific reference to interest on judgments which had been rendered fixing the amount of compensation.

Petitioners also cite *Seaboard Air Line v. U. S.,* 261 U. S., 299. In that case the verdict of the jury fixed the value of the land taken by the United States as of the date of the taking. Judgment allowed interest from that date. It was said: "The rule is that in the absence of a stipulation to pay interest, or a statute allowing it, none can be recovered against the United States upon unpaid accounts of claims," but it was held that just compensation must be the equivalent in value of the property taken, and that this included interest from the time of the taking as a part of the just compensation.

In *Devlin v. New York,* 131 N. Y., 123, in condemnation proceeding under a statute which specifically provided for interest, it was held that interest was part of the compensation, rather than damages for failure to pay. See also *Crane v. Craig,* 230 N. Y., 452.

Giving due weight to those authorities, we think, however, we should adhere to the rule that the State may not be compelled to pay interest as such, in the absence of contract or statutory consent to do so, and that in this case, as there is neither contract, nor statute permitting it, the State may not be held liable for interest on the judgment. While in the Federal jurisdiction interest against the sovereign may be added in cases of condemnation of land for public use, by virtue of Vth Amendment to the Constitution of the United States, as part of just compensation, in this case all the elements of compensation to the time of trial have been adjudicated and reduced to judgment, and hence the petition for *mandamus* to compel the State's governmental agency now to pay interest, as interest, on the judgment was properly denied.

The procedural question whether, in any event, petitioners have the right, by motion in the cause after judgment, to invoke issuance of writ of *mandamus* to compel a State agency to pay interest on a judgment, is not presented on this record, and is not decided. C. S., 866.

For the reasons stated, we conclude that the judgment sustaining the demurrer to the petitioners' motion must be

Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.