FRANK ALLEN MYERS v. DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY

No. 8310IC455

(Filed 3 April 1984)

**Interest § 1; State § 9— award under Tort Claims Act—no entitlement to interest**

A claimant was not entitled to interest on an award under the State Tort Claims Act.

APPEAL by plaintiff from Order of the North Carolina Industrial Commission filed 11 February 1983. Heard in the Court of Appeals 9 March 1984.

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for the Department of Crime Control and Public Safety.*

*Harris & Pressly, by Edwin A. Pressly, for plaintiff appellant.*

BECTON, Judge.

On 30 November 1981, a Deputy Commissioner of the North Carolina Industrial Commission (Commission) awarded the claimant, Frank Allen Myers, $60,000 in his action against the Department of Crime Control and Public Safety (Department) under the State Tort Claims Act, N.C. Gen. Stat. § 143-291 (1983). The Department appealed to the Commission, which, on 1 October 1982, affirmed the award. On 3 November 1982, the Department paid Myers $60,000, an amount representing principal only. Myers then filed a motion for post-judgment interest on the award pending appeal. The Commission, in its order of 11 February 1983, denied Myers interest on his judgment for both the approximate one year's time that passed from the date of the Deputy Commissioner's award to the date the Commission affirmed the award, and for the approximate one month's time that passed thereafter before the Department paid the award. From that Order, Myers appeals.

The sole issue on appeal is whether Myers is entitled to interest on an award of damages under the State Tort Claims Act. Having considered the relevant statutes, case law, and policy arguments, we hold that Myers is not entitled to interest on his award.

In 1951, North Carolina, acting through its General Assembly, waived its sovereign immunity in cases in which injury and damage resulted from the negligence of its employees by enacting 1951 N.C. Sess. Laws ch. 1059, sec. 1 (codified as amended at N.C. Gen. Stat. § 143-291 (1983)). As a consequence, Myers contends that state tort claims actions should be treated no differently than other suits up to the $100,000 ceiling imposed by the statute.

Myers' argument has tremendous appeal, especially since (a) the amendments of N.C. Gen. Stat. § 24-5 (Supp. 1983)[1], N.C. Gen.

---

1. N.C. Gen. Stat. § 24-5 (Supp. 1983) reads:

The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by liability insurance. The portion

Myers v. Dept. of Crime Control

Stat. § 24-7 (Supp. 1983)[2], and the enactment of N.C. Gen. Stat. § 97-86.2 (Supp. 1983)[3] show a definite legislative intent to broaden a claimant's right to recover post-judgment interest, and (b) the party having to pay the award may abuse the process by making frivolous appeals when the investment return on the award exceeds the cost of litigating appeals. Indeed, the legislature may be persuaded, by such an argument, to authorize the accrual of interest on damage awards under the State Tort Claims Act. The legislature has not done so, however, and we can provide Myers no relief. We follow the reasoning of *Yancey v. Highway & Public Works Comm'n,* 222 N.C. 106, 22 S.E. 2d 256 (1942), a condemnation case, in which our Supreme Court held that post-judgment interest was not collectible against the State and "may not be awarded against the State unless the State has manifested its willingness to pay interest by an Act of the General Assembly or by a lawful contract to do so." *Id.* at 109, 22 S.E. 2d at 259.

Because the State Tort Claims Act is in derogation of sovereign immunity, and should, therefore, be strictly construed as written, there must be a specific statutory provision authorizing the accrual of interest on damage awards under the Act. And

---

of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly.

2. N.C. Gen. Stat. § 24-7 (Supp. 1983) reads:

Except with respect to compensatory damages in actions other than contract as provided in G.S. 24-5, when the judgment is for the recovery of money, interest from the time of the verdict or report until the judgment is finally entered shall be computed by the clerk and added to the costs of the party entitled thereto.

3. N.C. Gen. Stat. § 97-86.2 (Supp. 1983) reads:

When, in a worker's compensation case, a hearing or hearings have been held and an award made pursuant thereto, if there is an appeal from that award by the employer or carrier which results in the affirmance of that award or any part thereof which remains unpaid pending appeal, the insurance carrier or employer shall pay interest on the final award from the date the initial award was filed at the Industrial Commission until paid at the legal rate of interest provided in G.S. 24-1. If interest is paid it shall not be a part of, or in any way increase attorneys' fees, but shall be paid in full to the claimant.

556                    COURT OF APPEALS                    [67

Zimmerman's Dept. Store v. Shipper's Freight Lines

although G.S. § 24-5 and G.S. § 24-7 refer to post-judgment interest, the General Assembly nevertheless recently enacted G.S. § 97-86.2 allowing interest on workers' compensation claims to be assessed on awards at the legal rate. Thus, in our view, the same type of statutory enactment would be necessary before any interest could accrue to a tort claims award.

For the above reasons, the Order of the Commission is

Affirmed.

Judges WEBB and EAGLES concur.