RICHMAN GORDMAN STORES, INC., ET AL., APPELLEES, V. BOARD OF EQUALIZATION OF HALL COUNTY, NEBRASKA, AND RAYMOND HESSEL, ASSESSOR, HALL COUNTY, NEBRASKA, APPELLANTS.

361 N.W.2d 578

Filed February 8, 1985. No. 84-318.

Gary L. Schacht, Chief Deputy Hall County Attorney, for appellants.

John E. Beltzer of Wilson & Beltzer, for appellees, and, on brief, Luebs, Dowding, Beltzer, Leininger, Smith & Busick.

Patrick J. Vuchetich of Nebraska Association of County Officials, for amici curiae Adams County et al.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The Hall County Board of Equalization has appealed from an order of the district court for Hall County, Nebraska, which directed that postjudgment interest be paid to plaintiffs (property owners).

This court had previously affirmed the judgment of the

district court which reduced the valuation of the property owners' real property for the tax years 1979 and 1981 to $1,200,000. See *Richman Gordman v. Board of Equalization*, 215 Neb. 379, 338 N.W.2d 761 (1983) (*Richman Gordman I*).

The record discloses that following our decision in *Richman Gordman I*, the property owners filed a motion in the district court for Hall County, Nebraska, requesting the court to order the county to refund to the property owners taxes paid for the years 1979, 1980, and 1981 on a valuation in excess of $1,200,000 and to further enter an order requiring the Board of Equalization of Hall County, Nebraska, to pay interest on the refund. The trial court denied prejudgment interest to the property owners but ordered that the county board of equalization pay to the property owners postjudgment interest by reason of the provisions of Neb. Rev. Stat. § 45-103 (Reissue 1984). Section 45-103 reads as follows: "Interest on all decrees and judgments *for the payment of money* shall be from the date of the rendition thereof . . . ." (Emphasis supplied.) Unfortunately for the property owners, the decree entered by the district court in *Richman Gordman I* was not for the payment of money but, rather, was a decree which reduced the value of the property for the years in question. There was no evidence before the district court, nor is there any evidence before this court on appeal, that any taxes were ever in fact paid or that Hall County is obligated to make any refund to the property owners. In effect, the state of the record is such that were we to determine that the property owners were entitled to receive interest pursuant to § 45-103, we would be rendering an advisory opinion. That we choose not to do. See, *Ellis v. County of Scotts Bluff*, 210 Neb. 495, 315 N.W.2d 451 (1982); *American Fed. of S., C. & M. Emp. v. State*, 200 Neb. 171, 263 N.W.2d 643 (1978). The judgment of the district court is therefore reversed and remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

HASTINGS, J., concurring in the result.

While I agree with the result reached by the majority in this case, I believe that its opinion may be misleading.

That opinion cites the general statute relating to interest on

judgments *"for the payment of money,"* Neb. Rev. Stat. § 45-103 (Reissue 1984), and then goes on to say:

> Unfortunately for the property owners, the decree entered by the district court in *Richman Gordman I* was not for the payment of money but, rather, was a decree which reduced the value of the property for the years in question. There was no evidence before the district court, nor is there any evidence before this court on appeal, that any taxes were ever in fact paid or that Hall County is obligated to make any refund to the property owners.

Technically, perhaps that last statement is correct. However, the record does disclose a motion filed by the plaintiffs which specifically requests an order of the court "[o]rdering a refund of the taxes paid for the year 1982 which were paid on a valuation in excess of One Million Two Hundred Thousand and No/100 Dollars ($1,200,000.00)" and "[o]rdering the Defendants to pay interest on the taxes paid . . . ." The court's journal entry sustaining the motion in part states that "the Plaintiffs-Appellants are entitled to interest upon the amount due as a refund from and after May 29, 1982 . . . ." That language comes about as close to suggesting that the taxes had in fact been paid as could be expressed. Therefore, I do believe that the issue of interest entitlement under § 45-103 should not have been completely avoided.

I do have a serious question as to whether a taxpayer is entitled to a refund on taxes paid without protest, at least, on a valuation later found to be excessive. As I read Neb. Rev. Stat. §§ 77-1510 and 77-1511 (Reissue 1981), it is the duty of the reviewing court on an appeal from the board of equalization, on a claimed excessive valuation, to determine the true valuation. This determination must then be certified to the county treasurer and to the officer charged with the duty of preparing the tax list. § 77-1511. The language of § 77-1510 leaves in my mind considerable doubt as to whether the court has any authority in this instance to order a refund of taxes or enter a money judgment.

Finally, it seems to me, the majority opinion suggests that perhaps the district court could have ordered a refund of taxes, and, if it had, it would have been a judgment for the payment of

money and thereby qualified for interest under § 45-103. I do not agree.

" 'A state is not liable to pay interest on its debts, unless its consent to do so has been manifested by an act of its legislature, or by a lawful contract of its executive officers.' " *Peterson v. State*, 114 Neb. 612, 621, 209 N.W. 221, 224 (1926). Any waiver of a state's sovereign immunity must be strictly construed. *Catania v. The University of Nebraska*, 204 Neb. 304, 282 N.W.2d 27 (1979).

A statute of the State of Kansas provides in substance that all judgments shall bear interest upon the date on which they are rendered. Kan. Stat. Ann. § 16-204 (1981). In *Brown v. State Highway Commission*, 206 Kan. 49, 476 P.2d 233 (1970), the plaintiff argued that because the legislature in 1929, with its enactment of Rev. Stat. § 68-419 (Supp. 1930), had waived the state's immunity with respect to damages resulting from highway defects, it had, by implication, brought the state within the purview of the general interest statute. The Kansas court, in rejecting this argument, stated:

> A statute waiving immunity must be strictly construed, and the court has no right to enlarge the scope of the statute or to amend the law by judicial interpretation.
>
> . . . .
>
> The statute authorizing this action against the state highway commission expressly provides for payment of any judgment rendered in such case out of the highway fund. Nothing, however, is said about allowing interest on such a judgment, nor is there anything from which we can conclude that the legislature intended, by way of implication, to waive the state's immunity from liability for interest.

*Id.* at 50-51, 476 P.2d at 234-35. See, also, *Myers v. Dept. of Crime Control & Pub. Safety*, 67 N.C. App. 553, 313 S.E.2d 276 (1984); *City of Springfield v. Allphin*, 82 Ill. 2d 571, 413 N.E.2d 394 (1980).

I find nothing in our statutes to indicate the conclusion that our Legislature intended, by way of implication, to waive the state's immunity from liability for interest. Specifically to the contrary, Neb. Rev. Stat. § 77-1735 (Reissue 1981) provides in

the case of a taxpayer who has paid an invalid tax, such taxpayer is entitled to a judgment which "shall be rendered . . . *with interest* and such judgment shall be collected as in other cases." (Emphasis supplied.)

A further example of legislative intent is found in the section on eminent domain, whereby interest is specifically allowed under certain circumstances by Neb. Rev. Stat. § 76-711 (Cum. Supp. 1984). Two sections of the State Tort Claims Act, Neb. Rev. Stat. §§ 81-8,215 and 81-8,216 (Reissue 1981), make it quite clear that "the state shall be liable in the same manner, and to the same extent as a private individual under like circumstances," and "costs shall be allowed in all courts to the successful claimant to the same extent as if the state was a private litigant, subject to the limitation of Neb. Rev. Stat. § 24-329 (Reissue 1978)."

The language of § 77-1510 in no way suggests that interest be allowed or that the state, or county, shall be liable to the same extent as a private individual or litigant. Having failed to employ such language, I conclude that the intendment of the Legislature in this instance was that interest shall not be paid.

If the Legislature feels it proper to provide for interest in cases such as this, it has only to institute appropriate legislation.

BOSLAUGH and GRANT, JJ., join in this concurrence.